KATHERINE OLIVA *v.* AETNA CASUALTY AND SURETY COMPANY

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 6—decision released May 27, 1980

*John J. Luckart,* with whom was *Richard P. Bepko,* for the appellant (plaintiff).

*Edward Maum Sheehy,* for the appellee (defendant).

BOGDANSKI, J. The plaintiff applied to the Superior Court for an order compelling the defendant Aetna Casualty and Surety Company (Aetna) to proceed with arbitration pursuant to the uninsured motorist clause of the automobile liability insurance policy issued by the defendant to the plaintiff in 1976.[1] By way of a special defense, the defendant

---

[1] Section 52-410 of the General Statutes provides in pertinent part: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. . . ."

Aetna alleged that the plaintiff failed to properly notify Aetna that she had a claim under the uninsured motorist provision of that policy. 19 Couch, Insurance 2d, § 82.1:6, p. 1072 (1979 Supp., pp. 208–210). Aetna further alleged that the furnishing of such notice is a condition precedent to arbitration. The trial court agreed with Aetna concluding that the giving of notice within thirty days from the date of the accident is a condition precedent to arbitration and denied the application. From that judgment, the plaintiff has appealed.

The following facts are not in dispute: On January 27, 1977, the plaintiff's automobile was struck by a vehicle operated by an unidentified driver who fled the scene of the accident. The police were summoned and an accident report was prepared. At that time the plaintiff was insured with Aetna under a policy containing an uninsured motorist clause which provided as follows: An "uninsured highway vehicle" means a hit and run vehicle subject to the proviso that in case of a hit and run accident the insured give notice to the insurer by affidavit within thirty days from the date of the accident that he has a cause of action against a person whose identity is unknown. It is conceded that the plaintiff did not properly comply with this notice provision.

On appeal, the plaintiff claims that the effect of noncompliance with such a contractual notice provision is an arbitrable matter.

The defendant, on the other hand, argues that if an insured elects to proceed pursuant to General Statutes § 52-410 for an order compelling arbitration, the insured is bound by the court's decision on the merits. The function of the court, however, is

to determine, in the first instance, whether the issue is arbitrable. If the court so decides, an order compelling arbitration is issued. If, on the other hand, the court decides that the issue is not arbitrable, it can proceed to decide the issue on the merits. In such a case, however, the plaintiff can appeal on the ground that the court erred in concluding that the issue was not arbitrable. That is the posture of the present case before this court.

The trial court implicitly based its decision on the case of *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 231 A.2d 531 (1967) (*Frager I*), wherein this court held that only those issues specifically set out in the arbitration clause of an uninsured motorist policy provision were in fact arbitrable.[2]

The legislature, however, amended § 38-175c[3] of the General Statutes to read in pertinent part: "Every [automobile liability policy containing the mandatory provision for uninsured motorist coverage] issued on or after October 1, 1971, which con-

---

[2] The court in its memorandum of decision stated that *Frager* v. *Pennsylvania General Ins. Co.,* 161 Conn. 472, 289 A.2d 896 (1971) (*Frager II*) which held that "the question of requisite notice to the defendant by means of a statement under oath . . . is a condition precedent to arbitrability"; *Frager, supra,* 477; was controlling. *Frager II,* however, was decided prior to the effective date of the 1971 amendment to § 38-175c. Furthermore, the question of requisite notice was clearly regarded as a question of coverage. *Frager II, supra.*

[3] "[General Statutes] Sec. 38-175c. UNINSURED MOTORIST COVERAGE. Every such policy shall provide insurance in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or of insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write

tains a provision for binding arbitration shall include a provision for final determination of *insurance coverage* in such arbitration proceeding." (Emphasis added.) The holding in *Frager I*, therefore, has been legislatively overruled to the extent that it held that an insurer could contractually limit those issues relating to coverage which the arbitration panel could decide.

Clearly, § 38-175c mandates not only the inclusion of a provision for uninsured motorist coverage in automobile liability insurance policies, but that coverage under such provisions be determined through arbitration when the policy provides that the parties will arbitrate. The question of whether nonfulfillment of a policy provision concerning the timely presentment of claims bars recovery is essentially one of coverage. Furthermore, while the defendant Aetna purportedly limited the extent to which questions of coverage would be determined at arbitration proceedings,[4] § 38-175d specifically provides that policies affording uninsured motorist coverage are deemed to include all statutorily required provisions. In sum, the legislature has mandated that the amended provision of § 38-175c must now be read into each and every contract of

---

automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding."

[4] The defendant's policy provides, as did the policy at issue in *Frager I*, supra, that the only issues to be arbitrated were (1) the insured's right to recover damages from the owner or operator of the uninsured automobile and (2) the amount of such damages.

insurance issued in the state of Connecticut. See *Fidelity & Casualty Co.* v. *Darrow,* 161 Conn. 169, 286 A.2d 288 (1971).

The expressed intent and effect of the aforesaid amendment to § 38-175c is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration.

There is error, the judgment is set aside and the case is remanded with direction to render judgment ordering that the defendant proceed with arbitration.

In this opinion the other judges concurred.