SECURITY INSURANCE COMPANY OF HARTFORD *v.*
JOHN DELAURENTIS
(12771)

HEALEY, SHEA, DANNEHY, CALLAHAN and PICKETT, Js.

Argued November 7, 1986—decision released January 27, 1987

*Peter J. Ottomano,* for the appellant (defendant).

*Susan M. Cormier,* with whom were *Wesley W. Horton* and, on the brief, *Michael V. Hebert,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. The principal question on this appeal is whether an insurer must arbitrate an *under*insured motorist claim pursuant to an arbitration provision of an *un*insured motorist clause included in an insurance policy issued by the insurer.

The underlying facts are undisputed. The plaintiff, Security Insurance Company of Hartford, issued an automobile insurance policy to the defendant, John DeLaurentis. The effective dates of the policy were from March 1, 1978, to March 1, 1979. The policy contained uninsured motorist coverage which provided, inter alia, for the arbitration of all coverage issues arising thereunder.[1] The policy provided coverage for four separate vehicles owned by the defendant.

---

[1] The policy contains the following language:

"PART IV—PROTECTION AGAINST UNINSURED MOTORISTS . . .

"Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

This language was subsequently amended as follows:

"CONNECTICUT AMENDMENT

"It is agreed that . . . II. With respect to the insurance afforded by the policy for damages because of bodily injury caused by accident and arising out of ownership, maintenance or use of an uninsured highway vehicle or uninsured motor vehicle:

\* \* \*

"4. The insured shall not be required to arbitrate disputed claims. If the

On September 18, 1978, the defendant was involved in an accident with a vehicle owned and operated by Eva Pikoulidis. Pikoulidis was insured by Metropolitan Property and Liability Insurance Company under a single limit policy of $50,000, a sum in excess of the statutory limits then in effect. On March 24, 1980, the defendant filed suit against Pikoulidis. This suit was settled on January 19, 1984; the defendant was paid the $50,000 policy limit. The defendant alleges that the reasonable value of his claim exceeds $50,000.

Upon settlement, the defendant filed for arbitration of his claim under his own policy, seeking to stack his uninsured motorist coverage, $20,000 on each of his four vehicles, to increase the coverage limit to $80,000. Because the amount payable under the policy would be reduced by "all sums paid on account of the insured's bodily injury by or on behalf of the owner or operator of the uninsured automobile," the potential recovery in the arbitration proceeding would be $30,000, the $80,000 policy limit reduced by the $50,000 paid on behalf of Pikoulidis.

---

insured elects to arbitrate disputed claims, the Condition or other provision entitled 'Arbitration' is replaced by the following:

"Arbitration

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle or an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing hereunder, *or do not agree as to the coverage of insurance hereunder,* then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and the judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound by any award made by the arbitrators pursuant to this provision." (Emphasis added.)

The plaintiff does not dispute that the policy as amended was the policy in effect at the time of the accident.

The plaintiff responded by filing a declaratory judgment action which sought (1) a temporary and permanent injunction restraining the defendant from proceeding with arbitration, and (2) a determination whether (A) "[t]he 1979 amendment to Section 38-175c of the Connecticut General Statutes should apply retroactively; [(B) i]f not, is an underinsured motor vehicle on September 18, 1978, an uninsured motor vehicle under Section 38-175c; [and (C) does the] plaintiff have any obligation to proceed to arbitration."

In its memorandum of decision dated April 18, 1985, the trial court, *Spada, J.,* granted the plaintiff's request for summary judgment, and permanently enjoined the defendant from proceeding to arbitration. The court also answered "no" to each question presented for determination by declaratory judgment. On May 20, 1985, the defendant filed a request for further articulation. On July 28, 1985, the court filed a memorandum of decision in response to the defendant's request.

The defendant has appealed from the trial court rulings. The defendant claims that the court erred in ruling: (1) that the plaintiff has no obligation to proceed to arbitration; (2) that the insurance policy should not be construed to include underinsured motorists within its uninsured motorist protection; (3) that the defendant is permanently restrained from proceeding to arbitration without a finding of irreparable harm or lack of an adequate remedy at law; and (4) that the jurisdictional requirements for a declaratory judgment action were met in this case.

The defendant's first claim of error is that the trial court erred in ruling that the plaintiff has no obligation to proceed to arbitration. The defendant argues that the issue of whether the plaintiff must arbitrate the defendant's underinsurance claim is a question of coverage which must be determined by arbitration. In

support of this argument, the defendant points to the language of the insurance policy issued by the plaintiff, as well as the mandatory language of General Statutes § 38-175c. The plaintiff, on the other hand, argues that the defendant's characterization of the issue as one of coverage is erroneous. The plaintiff contends that the issue of whether the plaintiff must arbitrate the defendant's claim is one of arbitrability which is a question for the court. *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531 (1967), citing *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 198, 169 A.2d 646 (1961). The plaintiff also argues that the policy it issued to the defendant does not extend insurance benefits to accidents with underinsured motorists and General Statutes § 38-175c does not mandate arbitration because the statute does not apply retroactively. We agree with the defendant that the issue is one of coverage and, as such, the plaintiff is obligated to proceed with arbitration.

The duty to arbitrate may be created by contract or by statute. *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 622, 509 A.2d 467 (1986); *Frager* v. *Pennsylvania General Ins. Co.,* supra; *Ginsberg* v. *Coating Products, Inc.,* 152 Conn. 592, 596, 210 A.2d 667 (1965), and cases cited therein. In the absence of a contrary statute, "[t]he obligations and rights of the parties are described and limited by their written agreement. The answer to the question whether or not the court shall direct a party to proceed with arbitration is embodied in the insurance contract." *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 624, 237 A.2d 561 (1967); *John A. Errichetti Associates* v. *Boutin,* 183 Conn. 481, 488, 439 A.2d 416 (1981); *W. J. Megin, Inc.* v. *State,* 181 Conn. 47, 51, 434 A.2d 306 (1980). Parties who have contracted to arbitrate certain matters have no obligation to arbitrate any matters other than those which they have agreed to arbitrate. *Wilson* v. *Security Ins.*

*Group,* supra; *Frager* v. *Pennsylvania General Ins. Co.,* supra. Except when mandated by statute, a court may not compel parties "to arbitrate matters other than those which they have agreed to arbitrate under the provisions of their insurance policy." *Visselli* v. *American Fidelity Co.,* supra; *John A. Errichetti Associates* v. *Boutin,* supra; *Frager* v. *Pennsylvania General Ins. Co.,* supra; see *Batter Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 4, 110 A.2d 464 (1954). "Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* [supra]; *College Plaza, Inc.* v. *Harlaco, Inc.,* 152 Conn. 707, 206 A.2d 832 [1965]." *Frager* v. *Pennsylvania General Ins. Co.,* supra.

The arbitration clause contained in the policy issued by the plaintiff, which constitutes the agreement to arbitrate and which, necessarily, determines the issues to be arbitrated, provides the following: "Arbitration: If any person making claim [under Part IV, Protection Against Uninsured Motorists,] and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle or an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing hereunder, *or do not agree as to the coverage of insurance hereunder,* then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration . . . . Such person and the company each agree to consider itself bound by any award made by the arbitrators pursuant to this provision." (Emphasis added.)

This agreement to arbitrate is not a broad, all encompassing provision for arbitration. Cf. *John A. Errichetti Associates* v. *Boutin,* supra, 489. The provision applies

only to claims filed pursuant to part IV of the insurance policy; unless the claim is filed pursuant to this clause, the arbitration provision is inapplicable. See *Frager* v. *Pennsylvania General Ins. Co.,* supra, 275. Under the agreement, the plaintiff and the defendant agreed to arbitrate the following issues: (1) the insured's right to recover damages from the owner or operator of an uninsured automobile; (2) the amount of damages; and (3) any dispute as to the coverage of insurance to the claim filed by the insured.

While the defendant and the plaintiff, for the purpose of this appeal, do not disagree that the defendant is "legally entitled to recover damages" from Pikoulidis, or as to "the amount of payment which may be owing," there is disagreement as to whether the policy extends insurance benefits to this underinsurance claim. Whether an underinsured motor vehicle is an "uninsured automobile" within the terms of the policy is a question of the coverage under part IV of the policy. See *Frager* v. *Pennsylvania General Ins. Co.,* supra, 276 (whether a "hit-and-run" automobile is an "uninsured automobile" under the terms of the policy is a question of coverage).[2] The defendant's ability to

---

[2] In *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 231 A.2d 531 (1967), which was decided before the enactment of General Statutes § 38-175c, the policy provided for arbitration of two issues: (1) the insured's right to recover damages from the owner or operator of an uninsured automobile; and (2) the amount of such damages. The court held that the issue of "[w]hether an unidentified automobile is an 'uninsured automobile' within the terms of the policy . . . pertains to coverage under Part IV of the policy." Id., 276. Because "coverage disputes" were not arbitrable issues under the contract entered into between the insured and the insurer, the insurer had no obligation to proceed with arbitration. Id., 276–77. "We note, however, that *Frager* v. *Pennslvania General Ins. Co.,* [supra], and its progeny, including *Visselli* v. *American Fidelity Co.,* 155 Conn. 622, 237 A.2d 561 (1967), have been legislatively overruled by General Statutes § 38-175c to the extent that they held that an insurer could limit the issues relating to uninsured motorist coverage which the arbitrator could decide. *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 41, 434 A.2d 304 (1980)." *Fishman* v. *Middlesex Mutual Assurance Co.,* 4 Conn. App. 339, 350 n.6, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985).

obtain insurance benefits hinges upon a resolution of the dispute over whether the policy extends coverage to the claim filed. The arbitration clause contained in the policy mandates that the parties arbitrate this coverage dispute.

Further support for our conclusion that the defendant's claim is one of coverage which must be decided by arbitration can be found in the language of General Statutes § 38-175c.[3] Section 38-175c (a) (1) provides that

[3] General Statutes (Rev. to 1979) § 38-175c provides: "UNINSURED MOTORIST COVERAGE. Every such policy shall provide insurance in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or of insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding."

General Statutes § 38-175c has been amended to provide: "UNINSURED MOTORIST COVERAGE. (a) (1) Every such policy shall provide insurance, herein called uninsured motorist coverage, in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such uninsured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. No insurer shall be required to provide uninsured motorist coverage to (A) a named insured or relatives residing in his household when occupying, or struck as a pedestrian by, an uninsured or underin-

all motor vehicle insurance policies issued on or after October 1, 1971, which include an uninsured motorist provision "which contains a provision for binding arbitration shall include a provision for final determination of insurance *coverage* in such arbitration proceeding." (Emphasis added.) See *Wilson* v. *Security Ins. Group,* supra, 622–23. The policy issued by the plaintiff contains such a provision. "In *Oliva* v. *Aetna Casualty & Surety Co.,* 181 Conn. 37, 41, 434 A.2d 304 (1980), we recognized that this provision of § 38-175c (a) (1) had legislatively overruled our holding in *Frager* that an insurer could contractually limit the uninsured motorist issues to be decided by the arbitrators and thus exclude questions of coverage." *Wilson* v. *Security Ins. Group,* supra. In *Oliva* v. *Aetna Casualty & Surety Co.,* supra, 42, this court interpreted the statute broadly and held that the expressed intent and effect of the statute "is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration." See also *Wilson* v. *Security Ins. Group,* supra, 622.

---

sured motor vehicle or a motorcycle that is owned by the named insured, or (B) to any insured occupying an uninsured or underinsured motor vehicle owned by such insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars."

In 1979, this statute was amended to include, inter alia, underinsured motor vehicles. Public Acts 1979, No. 79-235. The implications of this amendment as it pertains to the issue of whether the policy extends insurance benefits to the underinsurance claim filed by the defendant is an issue of "coverage" which, as will be discussed, must be decided in an arbitration proceeding.

The plaintiff argues, and the trial court held, that the policy issued to the defendant does not afford "coverage" for accidents with underinsured motorists and that since the defendant is "unable to meet the threshold issue of whether the tortfeasor vehicle is an uninsured vehicle," there is no duty on the part of the plaintiff to proceed to arbitration. In fact, the trial court framed the issue as "whether the Defendant's motor vehicle qualified for underinsurance benefits under § 38-175c." This analysis fails to recognize that the determination of arbitrability is dependent upon the scope of the agreement to arbitrate, not upon the relative strength or weakness of a party's position on the disputed claim. See *John A. Errichetti Associates* v. *Boutin,* supra, 488; *W. J. Megin, Inc.* v. *State,* supra, 51; *Visselli* v. *American Fidelity Co.,* supra, 624. In *Oliva* v. *Aetna Casualty & Surety Co.,* supra, 39–40, we stated that "[t]he function of the court . . . is to determine, in the first instance, whether the issue is arbitrable. If the court so decides, an order compelling arbitration is issued. If, on the other hand, the court decides that the issue is not arbitrable, it can proceed to decide the issue on the merits. In such a case, however, the plaintiff can appeal on the ground that the court erred in concluding that the issue was not arbitrable." See also *Wilson* v. *Security Ins. Group,* supra.

In this case, the trial court, instead of deciding the threshold question of whether the issue was arbitrable, decided the merits of the defendant's claim. The court examined the language of the policy to determine whether the policy extends insurance benefits to accidents with underinsured motorists. The court stated that because "the policy does not extend coverage to underinsurance accidents," the plaintiff has no obligation to proceed to arbitration. This analysis is erroneous because it was the trial court's obligation to decide first whether the issue was arbitrable, that is, whether the

claim involved a coverage dispute. Only if the court answered no to this question should the court have reached the merits of the defendant's claim. See *Oliva* v. *Aetna Casualty & Surety Co.,* supra. By deciding the merits of the coverage dispute first, the court interpreted the policy, thus deciding the "coverage dispute" that should have been decided by arbitration. The trial court's analysis was contrary to *Oliva.* Whether the defendant is able to establish that the policy should be construed to extend insurance benefits to accidents with underinsured motorists pursuant to the uninsured motorist clause is a question of coverage. The parties have contractually agreed to arbitrate coverage questions. The defendant's election to do so must be honored.

The subject policy provides for arbitration if a claimant and the company do not agree as to coverage of insurance under part IV of the policy. The defendant filed a claim pursuant to part IV and the plaintiff disputes whether part IV of the policy extends insurance benefits to the defendant's underinsurance claim. Whether underinsurance protection is included within uninsured protection under part IV, when read as a whole, is a coverage question which must be submitted to arbitration in accordance with the written agreement of the parties. The trial court erred in granting the plaintiff's request for an injunction, permanently restraining the defendant from proceeding to arbitration.

Because of our disposition of the defendant's first claim of error, we need not reach the merits of the defendant's three remaining claims of error.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the complaint for lack of jurisdiction.

In this opinion the other justices concurred.