## James J. Quinn III v. Middlesex Insurance Company et al.
### (6271)

Dupont, C. J., Daly and Stoughton, Js.

Argued June 17—decision released September 13, 1988

*Jan C. Trendowski,* for the appellant (named defendant).

*William F. Gallagher,* with whom, on the brief, was *Leo E. Ahern,* for the appellee (plaintiff).

DALY, J. The defendant Middlesex Insurance Company appeals from the trial court's order directing it to proceed to arbitration of an uninsured motorist claim pursuant to General Statutes § 52-410.[1] Middlesex claims that the trial court erred in holding that the

---

[1] Section 52-410 (a) provides: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . to proceed with the arbitration in compliance with their agreement. . . ."

plaintiff's status as a party to its insurance contract was a question of coverage to be decided by an arbitration panel. We find no error.

The following facts are not in dispute. On February 12, 1984, the plaintiff was injured in an automobile accident. The car he was operating was owned by him and was insured by the defendant Insurance Company of North America (INA).[2] The plaintiff was successful in recovering a settlement against the other owner and operator in the amount of $20,000, which represented the full amount of the tortfeasor's liability insurance. The plaintiff alleged that he was covered by Middlesex through an insurance policy issued to his father. Pursuant to a standard arbitration provision[3] in that policy, the plaintiff made a demand for arbitration. Middlesex refused to proceed with arbitration maintaining that the plaintiff was injured while operating his own automobile and, hence, was not a covered person under its policy.[4] The plaintiff applied to the Superior Court to compel Middlesex and INA to submit to uninsured motorist arbitration.

Both policies provided that the insurer shall pay for all sums that a covered person shall be legally entitled to recover as damages from the owner of any uninsured or underinsured vehicle because of bodily injuries sustained by a covered person in a motor vehicle accident

---

[2] The defendant INA is not involved in this appeal.

[3] Middlesex's policy provides: "If we and you, or your legal representative, don't agree on your legal right to receive damages or the amount of damages, then upon the written request or either party, the disagreement will be settled by arbitration. . . . The decision in writing of any two arbitrators will be binding on you and us, subject to the terms of this insurance."

[4] Middlesex's policy further provides: "You, your, yourself means the person named on the declarations page and the person's husband or wife if a resident of the same household.

"You, your, yourself also means a member of the family.who is a resident of the household and who doesn't own a car or whose spouse doesn't own a car."

caused by the owner of the uninsured or underinsured vehicle. Additionally, both policies further provided that if the covered person and insurer disagree on whether the covered person is entitled to recover damages pursuant to the uninsured motorist provision, that issue must be determined by arbitration.

The parties were heard before the court, on July 13, 1987, at which time an order compelling arbitration issued. This appeal ensued.

Middlesex claims that the trial court erred in determining that this case is subject to arbitration. Specifically, Middlesex argues that the plaintiff was not an insured under his father's policy because he owned and operated his own vehicle and was therefore clearly excluded from coverage under that policy. Middlesex also claims that an agreement to arbitrate is a condition precedent to arbitration. We disagree.

We begin by noting that an order directing the parties to proceed with arbitration is a final judgment from which one can appeal. *Dewart* v. *Northeastern Gas Transmission Co.*, 139 Conn. 512, 514, 95 A.2d 381 (1953).

It is axiomatic that claims of coverage under an uninsured motorist policy are to be decided by arbitration. See *Carroll* v. *Aetna Casualty & Surety Co.*, 189 Conn. 16, 21, 453 A.2d 1158 (1983); *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 42, 434 A.2d 304 (1983). General Statutes § 38-175c (a) (1) (B) provides that all motor vehicle insurance policies that include an uninsured motorist provision issued on or after October 1, 1971, "which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. . . ." Our Supreme Court has made it abundantly clear that the issue of coverage is to be decided through

the arbitration process and not by the courts. *Security Ins. Co. of Hartford* v. *DeLaurentis,* 202 Conn. 178, 185, 520 A.2d 202 (1987) (a question concerning the extension of benefits to accidents involving underinsured vehicles is a coverage issue); *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 621–23, 509 A.2d 467 (1986) (whether policies could stack and whether benefits should be offset by workers' compensation are coverage issues settled through arbitration); *Oliva* v. *Aetna Casualty & Surety Co.,* supra (whether nonfulfillment of policy provisions concerning the timely presentation of a claim affects recovery is a coverage issue for the arbitrator to examine).

"In determining whether the question presented here involves a coverage dispute, we look for guidance to several previous decisions of our Supreme Court that interpreted the scope of § 38-175c." *Lane* v. *Aetna Casualty & Surety Co.,* 203 Conn. 258, 264, 524 A.2d 616 (1987). Middlesex argues that the present case differs from the cases listed above in that, although such arbitration is compulsory, the submission to such arbitration is predicated on a contractual agreement between the parties. This argument is incorrect as it is contrary to our Supreme Court's broad interpretation of the statute combined with the expressed intent of the legislature. In *Security Ins. Co. of Hartford* v. *DeLaurentis,* supra, 186, our Supreme Court restated its holding in *Oliva* in holding that "this court interpreted [§ 38-175c (a) (1)] broadly and held that the expressed intent and effect of the statute 'is to remove from the court and to transfer the arbitration panel the function of determining, in the first instance, *all issues as to coverage* under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration.' " (Emphasis added.)

Although there are no Connecticut cases that determine whether the status of one claiming to be an

insured relative of a named insured is a coverage question, we are guided by a similar case in California. In *Van Tassel* v. *Superior Court of Fresno County*, 12 Cal. 3d 624, 626, 526 P.2d 969, 116 Cal. Rptr. 505 (1974), the California Supreme Court held that jurisdictional facts, including whether the claimant mother of a deceased policyholder was entitled to the status as an insured, were subject to determination by an arbitrator. See also *Hartford Accident & Indemnity Co.* v. *Jackson,* 150 Cal. App. 3d 111, 114, 197 Cal. Rptr. 477 (1983). Likewise, we hold that whether the policy herein should be construed to extend benefits to the plaintiff is a question of coverage which must be submitted to arbitration.

There is no error.

In this opinion the other judges concurred.