[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO PROCEED WITH ARBITRATION AND OBJECTION TO ARBITRATION
This action is an application under section 52-410 of the General Statutes to compel the defendant to arbitrate an uninsured motorist claim under a policy issued by it. (The application names Aetna Insurance Company as the defendant, but the parties agree that the policy was actually issued by Aetna Casualty Surety Company, hereafter called Aetna, and arbitration is not contested on that basis). The Aetna policy in question was a business automobile liability insurance policy issued to Milford Auto Recycling, Inc., also known as Milford Auto Recycling Co., Inc. The plaintiff, who is an officer and employee of that corporation, sustained serious injuries in a motor vehicle accident on September 16, 1988 when operating a motorcycle owned by Milford Auto Recycling, the named insured. The insurance policy contains a standard form of uninsured and underinsured motorist coverage and follows the provisions of sections 38-175c(a)(1) of the General Statutes. The defendant concedes that the policy provides for binding arbitration if an insured and the CT Page 4239 defendant insurer failed to agree whether the insured is legally entitled to recover damages under the policy or the amount of damages. The defendant has filed an objection to arbitration claiming that the plaintiff does not qualify as an insured under the policy and therefore has no standing to demand arbitration. That is the only ground raised to oppose the plaintiff's application for arbitration.
Parties cannot be compelled to arbitrate matters which they did not agree to arbitrate, and without a statute courts cannot compel the parties to arbitrate matters not covered by their agreement. American Universal Insurance Co. v. DelGreco, 205 Conn. 178, 185; Carroll v. Aetna Casualty 
Surety Co., 187 Conn. 16, 20. However, when an insurance policy contains a binding arbitration provision in accordance with section 38-175c then the arbitration panel determines all issues as to coverage under the policy. Wilson v. Security Insurance Group, 199 Conn. 618, 623; Oliva v. Aetna Casualty Surety Co., 181 Conn. 37, 41, 42. In such a case the court can order an appraiser appointed and the parties to proceed to arbitration under sections 52-410 and 52-411
C.G.S. Covenant Insurance Company v. Banks, 177 Conn. 273,278, 280.
The defendant is correct that the plaintiff-claimant can only require arbitration if he is an "insured" as defined in the policy. The policy defines insured as follows: "(1) You or any family member. (2) Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction. (3) Anyone for damages he is entitled to recover because of bodily injury sustained by another insured." The defendant contends that the plaintiff does not fall into any of these categories and for that reason does not have standing to demand arbitration. The defendant also contends that determining whether the plaintiff is an insured is a condition precedent to arbitration which must be determined by the court. The plaintiff claims that this is an issue of "coverage" which must be left to the arbitrators. On this point the Court agrees with the plaintiff.
Section 38-175c(1)(a) provides that every uninsured and underinsured insurance policy "which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." (emphasis added). Deciding whether the plaintiff or anyone else is an "insured" under the defendant's policy is necessarily a question of fact in each case. It is clear that a dispute over whether a claimant CT Page 4240 should receive payment under an uninsured or underinsured motorist provision in an insurance policy is a question of coverage, which must be submitted to and be resolved by arbitration, and should not be decided by the court. Lane v. Aetna Casualty Surety Co., 203 Conn. 258, 263, 264; Oliva v. Aetna Casualty Surety Co., supra, 42. See also Security Insurance Co. of Hartford v. DeLaurentis, 202 Conn. 178,188; Wilson v. Security Insurance Group, supra, 623, 624. In Lane v. Aetna Casualty Surety Co., supra, it was held that whether unexhausted liability coverage under a policy of the person who injured the plaintiff precluded the plaintiff from recovering underinsured motorist benefits was a question of coverage which the court should have ordered submitted to arbitration. In Security Insurance Co. of Hartford v. DeLaurentis, supra, it was held that whether the uninsured motorist coverage provision in an insurance policy extended benefits to accidents involving underinsured vehicles was essentially a coverage question. Wilson v. Security Insurance Group, supra, concluded that questions over whether fleet policies could be stacked and whether uninsured motorist benefits could be set off by the amount of workers' compensation benefits collected were ones of coverage. Oliva v. Aetna Casualty Surety Company, supra, 41, concluded that whether failure to make a timely presentation of claims as required by the policy bars recovery, was essentially a coverage question. More recently, Smith v. Nationwide Mutual Insurance Co., 214 Conn. 734,741, held that whether a passenger in a car was covered under the underinsured motorist provision was a question of coverage; a motion to vacate an arbitration award was denied and the decision of the arbitrators confirmed.
While not factually identical to this case, in Quinn v. Middlesex Insurance Company, 16 Conn. App. 209, 212, 213, the Appellate Court held that whether a plaintiff was entitled to uninsured motorist benefits under his father's insurance policy when operating his own car was a coverage question which must be submitted to arbitration. Since the dispute here centers over the factual question of whether the plaintiff, who has a clear connection with the named insured, is also an insured under the policy, the issue is as much one of coverage as the issues in the cases previously cited. Those cases indicate that the court cannot make factual determinations to interpret the policy. Under the positive assurance test, arbitrability should not be denied unless it can be said with positive assurance that the arbitration clause cannot be interpreted to cover the asserted dispute, and doubts are resolved in favor of coverage. Board of Education v. Frey, 174 Conn. 578, 582. CT Page 4241
The defendant relies upon the case of Beloff v. Progressive Casualty Insurance Co., 203 Conn. 45, and two unreported decisions, Universal Underwriters Insurance Company v. Lewis, No. B-87-200, U.S. District Court, District of Connecticut, October 6, 1987, and Henebry v. Hartford Accident Indemnity Company, CV89-089916, Superior Court at Waterbury, July 6, 1989. There is a material distinction between the Beloff case and those which hold that the interpretation of policies to determine the scope of coverage is a question for the arbitrators. Beloff relied upon the concept that arbitrability of a dispute is ordinarily a legal question for the courts where the preliminary issue was whether certain statutes, including section 38-175c, covered a certain type of insurance policies. 203 Conn. at 54. This case does not require statutory interpretation. The U.S. District Court opinion in Universal Underwriters relied upon Beloff and decisions from other states that the status of the claimant, namely whether he is an insured under the policy, is a condition precedent to coverage. It was presumably unaware of Lane v. Aetna Casualty Surety Co., supra, decided in April 1987, and Smith v. Nationwide Insurance Co., supra, and Quinn v. Middlesex Insurance Co., supra, were decided later. The Henebry decision relied in part on Universal Underwriters, but does not refer to Quinn which was decided in 1988. While Universal Underwriters and Henebry deal with the specific issue in this case the discussion in the other cases, and particularly Quinn, indicate that if the Appellate Court or Supreme Court consider this issue that they will conclude that it is a coverage question which must initially be decided by the arbitrators. This might not be the rule where a plaintiff makes a clearly groundless claim that he may have coverage under an underinsured motorist policy, but that is not the case here. Even though it appears that Johnson's claim that he is covered as an insured may be unsuccessful, it is not groundless. Moreover, the court does not decide whether the answer to the question itself will most likely be in the defendant's favor, but whether the issue presents a coverage question. Lane v. Aetna Casualty Surety Co., supra, 266.
The plaintiff's application is granted and the defendant's objection is overruled. The defendant is directed to proceed with arbitration in accordance with the terms of the policy and to choose its arbitrator within 30 days of the date of this order. See sections 52-410 and 52-411 C.G.S.
Robert A. Fuller, Judge. CT Page 4242