[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR ORDER TO PROCEED WITH ARBITRATION
The plaintiff has applied to the Superior Court for an order compelling the defendants to proceed with arbitration pursuant to the uninsured motorist clause of an automobile liability insurance policy issued by the defendant American International Adjustment Company to Raymond Hester, the uninsured motorist provision of an automobile liability insurance policy issued by the defendant Liberty Mutual Insurance Company to the plaintiff, and the uninsured motorist provision of an automobile liability insurance policy issued by the defendant Fireman's Fund under a commercial policy issued to the plaintiff.
The undisputed facts in this case are that on March 20, 1987 the plaintiff was a passenger in a motor vehicle owned and operated by Raymond C. Hester. The Hester vehicle collided with a vehicle owned and operated by William J. Marshall. The Marshall vehicle was insured by Metropolitan Insurance Company. Mr. Scribner filed a civil suit against Mr. Marshall and exhausted the liability insurance coverage of the automobile policy issued to Mr. Marshall. There also remains a civil suit by Mr. Scribner against Mr. Hester.
The dispositive issue in this application to compel arbitration is whether the plaintiff must first obtain a determination of the liability of Mr. Hester in the pending civil suit against Mr. Hester and if liability is found against Mr. Hester, exhaust the liability insurance coverage under the policy issued to Mr. Hester by American International Adjustment Company before proceeding to arbitration under the uninsured motorist coverage of the Hester insurance policy.
In discussing the question of whether an insurer must arbitrate an underinsured motorist claim pursuant to an arbitration provision of an uninsured motorist clause included in an insurance policy issued by an insurer, the court in Security Ins. Co. of Hartford v. DeLaurentis, 202 Conn. 178,185-186 (1987) stated in part as follows:
 Section 38-175c(a)(1) provides that all motor vehicle insurance policies issued on or after October 1, 1971, which include an CT Page 7994 uninsured motorist provision "which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." (Emphasis added.) See Wilson v. Security Ins. Group, supra, 622-23. The policy issued by the plaintiff contains such a provision. "In Oliva v. Aetna Casualty 
Surety Co., 181 Conn. 37, 41, 434 A.2d 304
(1980), we recognized that this provision of Section 38-175c(a)(1) had legislatively overruled our holding in Frager that an insurer could contractually limit the uninsured motorist issues to be decided by the arbitrators and thus exclude questions of coverage." Wilson v. Security Ins. Group, supra. In Oliva v. Aetna Casualty 
Surety Co, supra, 42, this court interpreted the statute broadly and held that the expressed intent and effect of the statute "is to remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration."
More recently the question of arbitration as mandated by Section 38-175c(a)(1) was discussed in Gaudet v. Safeco Ins. Co., 219 Conn. 391, 398, 399, 400 (1991) where the court stated in part as follows:
 Were every third party claimant seeking uninsured motorist coverage required to prove first that he ultimately would be entitled to receive the coverage sought in order to compel arbitration of his claim, he would have little left to arbitrate. Such a circular approach to Section 38-175c frustrates the legislative intent to vest primary jurisdiction of coverage issues in the arbitrator in order "to avoid the institutional difficulty perceived by the court in Frager (v. Pennsylvania General Ins. Co., 155 Conn. 270, 231 A.2d 531
(1967)), namely clogging the courts with piecemeal litigation, and leveling the procedural playing field by guarding against the possibility of insurers unfairly using CT Page 7995 their superior economic resources to delay the final resolution of claims by the insureds."
 Where an issue may fairly be characterized as either (1) an issue of arbitrability, i.e., a question for the courts to decide in the first instance, or (2) an issue of insurance coverage, i.e., a question for an arbitrator to decide in the first instance, legislative policy requires the court to elect the latter characterization and submit the issue to the arbitrator together with all other issues of insurance coverage. In this case, "it was the trial court's obligation to decide first whether the issue was arbitratable, that is, whether the claim involved a coverage dispute.
 In order to compel arbitration under Section 52-410, therefore, one claiming uninsured motorist coverage need prove to the court only that (1) the policy was in effect at the time of the accident, (2) the policy provides for arbitration, (3) the claimant was in the class of "covered persons," e.g., an owner, occupant or driver of the insured vehicle, for whom the policy provided uninsured motorists' coverage, and (4) the insurer has refused to pay the claim for uninsured motorists benefits arising out of the claimed accident.
In this case, the court concludes that the issue of the plaintiff's right to recover under the uninsured/underinsured motorist provisions in dispute is an issue that is arbitrable in that the claim involves a coverage dispute. This court further finds that the four requirements in order to compel arbitration as stated in Gaudet have been met in this case. To require the plaintiff to determine whether Hester is liable to him in the pending civil action before proceeding with arbitration under the Hester uninsured/underinsured motorist coverage would result in clogging the courts with piecemeal litigation and leveling the procedural playing field by allowing insurers unfairly to use their superior economic resources to delay the final resolution of claims.
Accordingly the application to proceed with arbitration is granted against all defendants. CT Page 7996
Axelrod, J.