[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff commence this action as an application to vacate arbitration award complaint and demand for new trial dated, November 29, 1990. The defendant by motion to confirm arbitration award dated, December 26, 1990, responded to plaintiff's application to vacate. Both parties agree that their respective application motion be heard by the court at the same time.
The plaintiff in its memorandum of law indicates that CT Page 9004 the court must decide two issues. The first being whether the court must conduct a de novo review of the arbitrators decision, which review entails an inquiry into facts presented to the arbitrators. The second issue, the plaintiff claims the court must review is whether, James Petersen, was a resident of the household of this mother, Margaret Peterson. The background of this matter is that parties participated in the arbitration process as per Conn. Gen. Statute 38-175c (a) (1) the issue to be resolved by the arbitrators was a question of coverage under the uninsured motorist statutes compulsory arbitration.
The express intent and effect of compulsory arbitration on the Conn. Gen. Statutes 38-175c (a)(1) "is to remove from the court and to transfer to the arbitrators the function of determining in the first instance all issues as to coverage under automobile liability insurance policies containing uninsured motorist clauses providing for arbitration". Quinn v. Middlesex Insurance Company, 16 Conn. App. 209, 212.
In its brief the plaintiff claims that our Supreme Court in the case of American Universal Insurance Company v. Del Greco, 205 Conn. 178, 188 held in that reviewing an arbitration award under Conn. Gen. Statute 38-175c (a)(1) the court must conduct a de novo review. Further that the Del Greco Court held that the parties to compulsory arbitration must be afforded a de novo judicial review. The issue in the Del Greco case was whether "under the policy language and Connecticut law the plaintiff American is entitled to an additional [set] off in the amount of $20,000.00 which was paid on behalf of the Dram Shop. The arbitration panel held that the set off provision of 38-175c (b)(1) and the insurance regulations applied only to payments made by virtue of automobile bodily injury policies. And that the dram shop payment was not made by or on behalf of "any person responsible for the injury as required by 38-175A-6(d)(1) of the regulations of Connecticut State Agencies".
Further, "the trial court reviewed the stipulation of facts and the law and after an independent construction of the law held that the arbitration panel interpretation of the applicable law and its conclusions were legally and logically correct and confirmed the award. Justice Callahan writing the decision indicated that the dispositive questions raised by the appeal are: (1) what is the proper scope of judicial review of a compulsory arbitration decision and award; and (2) did the arbitration panel and the trial court err in holding the plaintiff was not entitled to a set off". Page 184. On page 185 the court made the following statement. "Where the parties have voluntarily and contractually agreed to submit to CT Page 9005 arbitration and have delineated the powers of the arbitrators through their submission, then the scope of judicial review of the award is limited by the terms of the parties's agreement and by the provisions Conn. Gen. Statute 52-418". Page 185 Opp Cite. Because of the stipulation of facts in the case, Justice Callahan said it was only necessary to articulate this standard of review necessary with regard to determining questions of law.
The holding of the Del Greco case was "accordingly, we hold that, where judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) is under taken under Gen. Statute 52-418 the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators. The court is not bound by the limitations contractually placed on the extent of its review as in voluntary arbitration proceedings. Page 191.
The plaintiff claims that the decision of Justice Callahan in Del Greco impliedly also related to a review of the facts. This issue was put to rest by the well reason opinion of Justice Borden in the case of Chmielewski v. Aetna Casualty And Surety Co., 218 Conn. 646, 656 (1991). In this case it was held that facts found by arbitrators are subject to a "substantial evidence" standard of review. This standard "requires a court to determine whether there is substantial evidence in the . . . record to support the . . . findings of basic fact and whether the conclusions drawn from those facts are reasonable." Id. 661, Note 15 Citations omitted. "Furthermore, in order to insure that the court is able to undertake that review effectively, we construe 38-175c [the uninsured motorist coverage statute now 38a-336] to incorporate a requirement that a record of the arbitration proceedings be preserved and made available to the court in connection with any such review." ID.
The he parties have informed the court that a record of the arbitration proceedings was not made. The record presented to the court of the proceedings consists of two exhibits: (1) the declaration page, the definition page, and the cover page of the policy at issue; and (2) the arbitration award, the transmittal letter and the bill for the arbitrators services. "[T]he burden rests on the party attacking the award to produce evidence sufficient to invalidate it or avoid it."Board of Education v. Afsme, 195 Conn. 266, 271 (1985). (citations omitted).
Notwithstanding the requirement by Chmielewski to present the court with a transcript of the proceedings, it is found that the plaintiff has not met its burden of producing CT Page 9006 enough evidence to attack the award. It is found that the exhibits presented by the plaintiff do not provide any evidence regarding the residents of the defendant. Lacking such evidence it is clear the plaintiff has not met its burden and the court should deny the appeal.
The plaintiff's application to vacate arbitration award and the demand for new trial is denied. The defendant's motion to confirm the arbitration award is granted.
So Ordered:
WILLIAM J. McGRATH, JUDGE