[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sandra A. Jeffrey, has applied pursuant to52-418 C.G.S. for an order vacating, modifying or correcting an arbitration award in a proceeding in which she claimed benefits under the uninsured motorist provisions of her insurance contract with the defendant, Colonial Penn Insurance Company. The defendant has moved to confirm the award.
The arbitrators ruled on December 30, 1991 that Jeffrey's claim for uninsured motorist benefits was premature because Robert Johnson, the claimed tortfeasor in the accident in which Jeffrey was insured, may be insured.
The arbitrators noted that Jeffrey has sued Johnson and his alleged employer in a case captioned Jeffrey v. Johnson (CV89-288638, New Haven Judicial District) and that an insurance company has appeared for the employer in that action.
In discussing the claim for arbitration, the arbitrators stated that "prosecution of [the uninsured motorist claim] at this time is premature, and should await the determination of agency and employment in the Superior Court case, or whatever other declaratory determination may appertain."
Pursuant to 38a-336 (c) C.G.S., all automobile insurance policies which provide for arbitration of any issue must provide for arbitration of issues of insurance coverage. Accordingly, the insurance policy issued by Colonial Penn to Jeffrey states that CT Page 2741
 [i]f we and an "insured" do not agree: 1. whether the person is legally entitled to recover damages under Part C [the uninsured motorist provisions of the policy] . . . the "insured" may make a written demand for arbitration . . .
The Colonial Penn policy provides, as to uninsured motorist coverage, as follows:
 [w]e will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.
The determination of Jeffrey's eligibility to resort to the uninsured motorist benefits is clearly an issue of coverage. Security Insurance Co. of Hartford v. DeLaurentis, 202 Conn. 178,182-4 (1987); Oliva v. Aetna Casualty Surety Co., 181 Conn. 37
(1980). In submitting that coverage issue to arbitration, Jeffrey put in issue whether she had in fact satisfied the prerequisite of exhausting applicable bodily injury liability bonds, and it was the duty of the arbitrators to make the factual determinations necessary as part of their task of deciding whether she is eligible for uninsured motorist benefits.
The Colonial Penn insurance policy contains no provision requiring insureds who seek uninsured motorist benefits to complete a declaratory judgment action or other actions against a third party to obtain a judicial determination as to potentially applicable bodily injury liability bonds before demanding arbitration, nor would any such requirement be likely to be held to comport with the regulations which limit the conditions that can be placed on uninsured motorist coverage pursuant to38a-336 (a)(1) C.G.S. See Nationwide Insurance Co. v. Gode, 187 Conn. 386,399 (1982); Safeco Insurance Co. v. Vetre, 174 Conn. 329, 333
(1978).
Colonial Penn cites the 1981 ruling of Judge Celotto in Nationwide Insurance Company v. Bergeron, CV185929 (J.D. New Haven October 27, 1981), in which the court denied a motion to strike a declaratory judgment action brought by a potential uninsured motorist benefits insurer against, inter alia, the insurer that had denied that it provided liability coverage to the alleged tortfeasor. The party that moved to strike the declaratory judgment action claimed that the issue must be submitted to arbitration. The situation in Nationwide Insurance Company v. Bergeron was, therefore, that there was a pending declaratory CT Page 2742 judgment action in which the party claiming uninsured motorist benefits, his insurer, the alleged tortfeasor, and the alleged insurer of the tortfeasor were all parties. Judge Celotto decided that the declaratory judgment action already pending should be the forum for determination of the denial of coverage in preference to an arbitration involving only the claimant and the provider of uninsured motorist benefits. He based this conclusion in large part on the fact that, at the time of his ruling, there was only limited review of arbitrators' decisions, as American Universal Insurance Co. v. DelGreco, 205 Conn. 178 (1987) which recognized a right of de novo review as to legal issues, had not yet been decided.
In the case before the court, there is no pending declaratory judgment action that will yield a determination as to whether Johnson was or was not insured. Jeffrey's suit against Johnson and his alleged employers raises only issues of liability and will not necessarily result in any determination whether the employer's insurance coverage extended to Johnson in the situation at hand.
It does not, moreover, appear that the appellate courts have embraced the approach suggested in Bergeron, as they have, since Oliva, continued to require resort to arbitration as to issues of coverage. For example, in Lane v. Aetna Casualty Surety Co.,203 Conn. 258 (1987) the Supreme Court ruled that the issue whether a party who sought underinsured motorist coverage had exhausted the tortfeasor's coverage was a question for the arbitrators, not the court, to decide. Similarly, in Security Insurance Co. of Hartford v. DeLaurentis, 202 Conn. 178, 187-88
(1987) the Supreme Court ruled that the issue whether a vehicle was or was not underinsured should have been submitted to arbitration as a coverage dispute, not decided by the courts as a "threshold issue."
Section 52-418 (a)(4) C.G.S. provides that where arbitrators have "so imperfectly executed [their powers] that a mutual, final and definite award upon the subject matter submitted was not made" an award may be vacated. By failing to decide whether Jeffrey had established the absence of insurance within the definition of the Colonial Penn policy, the arbitrators imperfectly executed their powers by failing to arbitrate an issue of coverage entrusted to them pursuant to the arbitration clause of the policy. The parties have not claimed that the time to render an award has expired, and therefore, pursuant to 52-418 (c), this court directs that the arbitrators rehear the issues presented to them and make determination.
The application is granted. CT Page 2743
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT