[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4024
The plaintiffs, Deborah Crowe and Michael Crowe, and the defendant, Maryland Casualty Company, appear before this court on behalf of an arbitration panel which is seeking the advice of the court pursuant to General Statutes 52-415
regarding its authority to reform an automobile insurance contract. General Statutes 52-415 provides, in pertinent part, as follows:
 At any time during an arbitration, upon request of all the parties to the arbitration, the arbitrators or an umpire shall make application to any designated court, or to any designated judge, for decision on any question arising in the course of the hearing, provided such parties shall agree in writing that the decision of such court or judge shall be final as to the question determined and that it shall bind the arbitrators in rendering their award.
The plaintiffs allege the following facts. Plaintiff Michael Crowe sustained injuries on May 8, 1991, when he was struck by a hit and run uninsured driver while riding his bicycle. The plaintiff's mother and natural guardian, Deborah Crowe, brought a claim on her son's behalf pursuant to the uninsured motorist provisions of an insurance policy issued to Alan G. Evanuk (hereinafter "Evanuk"). Defendant Maryland Casualty Company (hereinafter "Maryland"), issued a policy of automobile insurance, Policy No. TA-07767404, to Evanuk effective May 1, 1991, through November 1, 1991. On this policy, Evanuk is listed as a named insured. Both Evanuk and Deborah Crowe are listed as operators of Evanuk's vehicles.
Evanuk and Deborah Crowe were not married at the time of the accident. Michael Crowe is not related to Evanuk, nor is Michael Crowe his ward or foster child. On or about July 23, 1991, Deborah Crowe, on behalf of Michael Crowe, made demand for arbitration under the policy. On or about January 15, 1992, Maryland informed Michael Crowe that they did not consider him an insured and denied or refused his claim. The uninsured motorist coverage provision of the policy at issue calls for binding arbitration in the event that an agreement is not reached CT Page 4025 regarding coverage or if the amount of coverage changes.
The arbitration panel unanimously agreed that there was sufficient evidence of mutual mistake on the part of Maryland and Evanuk to warrant reformation of the insurance contract. The panel agreed that the true intent of the parties was that Deborah Crowe be listed as an insured rather than an operator on the insurance contract. The arbitrators could not agree, however, on whether the panel had the authority to reform the contract. Therefore, the arbitrators now seek the advice of the court pursuant to General Statutes 52-415
regarding the arbitrators' authority to reform the contract.
"The duty to arbitrate may be created by contract or by statute." Security Ins. Co. of Hartford v. DeLaurentis,202 Conn. 178, 182, 520 A.2d 202 (1987). General Statutes38a-336(c) requires binding arbitration for "final determination of insurance coverage" with respect to uninsured motorist claims if the insurance policy includes a provision for binding arbitration. General Statutes 38a-336(c). That section states, in pertinent part, as follows: "Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." General Statutes 38a-336(c).
The insurance policy at issue in the present case contains such a provision. The uninsured motorist coverage provision of the policy issued to Evanuk provides, in pertinent part, as follows:
If we and an "insured" do not agree:
 1. Whether that person is legally entitled to recover damages under this Part; or
2. As to the amount of damages;
 either party may make a written demand for arbitration. . . .
 A decision agreed to by two of the arbitrators will be binding as to:
CT Page 4026
 1. Whether the "insured" is legally entitled to recover damages; and
2. The amount of damages.
The matter before the panel of arbitrators was brought pursuant to a submission regarding coverage. When an insurance policy contains a binding arbitration provision in accordance with General Statutes 38a-336(c), the arbitration panel determines all issues as to coverage under the policy. Wilson v. Security Ins. Group, 199 Conn. 618, 623, 509 A.2d 467
(1986); Oliva v. Aetna Casualty Surety Co., 181 Conn. 37, 41-42,434 A.2d 304 (1980). "It is axiomatic that claims of coverage under an uninsured motorist policy are to be determined by arbitration." Quinn v. Middlesex Ins. Co.,16 Conn. App. 209, 211, 547 A.2d 95, cert. denied, 209 Conn. 817,550 A.2d 1085 (1988). "Our Supreme Court has made it abundantly clear that the issue of coverage is to be decided through the arbitration process and not by the courts." Id., 211-12.
The plaintiffs argue that the arbitrators have the authority to reform the insurance contract issued to Evanuk. Such a determination, however, is beyond the scope of the arbitrators' authority. See Security Ins. Co. of Hartford v. DeLaurentis, supra, 186. In DeLaurentis, the court considered an automobile insurance policy which contained uninsured motorist coverage providing for the arbitration of all coverage issues arising thereunder. Id., 183. The court in DeLaurentis concluded that the trial court erroneously decided the merits of the defendant's claim rather than deciding the threshold question of whether the issue was an arbitrable one. Id., 187. In its decision, the court analyzed the issue of whether the defendant's claim was arbitrable, stating: "[I]t was the trial court's obligation to decide first whether the issue was arbitrable, that is, whether the claim involved a coverage dispute." (Emphasis added.) Id., 187-88. Thus, the authority of an arbitration panel to resolve issues pursuant to an uninsured motorist provision of an automobile insurance contract is limited to determining only those issues regarding coverage. Id.
In the present case, the arbitrators had the authority to decide only those issues concerning coverage. See CT Page 4027 General Statutes 38a-336(c), see also Security Ins. Co. of Hartford v. DeLaurentis, supra, 188. Whether or not an insurance contract should be reformed is not a coverage question. See, e.g., Lane v. Aetna Casualty Surety Co.,203 Conn. 258, 267, 524 A.2d 616 (1987) (whether the unexhausted liability coverage precluded the plaintiff from recovering underinsured motorist benefits is a question of coverage); Security Ins. Co. of Hartford v. DeLaurentis, supra, 188 (whether a policy's uninsured motorist coverage provision extended benefits to accidents underinsured vehicles is a question of coverage); Wilson v. Security Ins. Group, supra, 623-24 (questions involving whether fleet policies could be stacked and whether uninsured motorist benefits should be set off by the amount of workers' compensation benefits collected are ones of coverage). Thus, the arbitrators did not have the authority to even consider evidence of mutual mistake and the remedy of reformation of contract.
Austin, J.