[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an action to reform an insurance contract. According to the complaint, the policy in question fails to express the real agreement between the parties in that the policy is unclear and ambiguous by including "family CT Page 11134-S member" language in a business policy, since a corporation, by definition, cannot have family members. Defendant Liberty Mutual Insurance Company has moved to dismiss the plaintiff's complaint, claiming that the issue raised must be arbitrated.
The court does not believe that this action to reform an insurance contract may be decided by arbitration. "Where, as in the present case, an insurance policy contains a binding arbitration provision in accordance with General Statutes § 38a-336(c), the authority of an arbitration panel to resolve issues pursuant to an uninsured motorist provision of an automobile insurance contract is limited to determining only those issues regarding coverage. Whether or not an insurance contract should be reformed is not a coverage question." Crowe v.Assurance Co., 9 CSCR 535 (May 30, 1994), citing SecurityIns. Co. of Hartford v. DeLaurentis, 202 Conn. 178, 186. Also see Ceci v. National Indemnity Co., 225 Conn. 165
(1993).
The motion to dismiss is denied.
Frances Allen State Judge Referee