NEDRA WYNN *v.* METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
(11170)

DALY, O'CONNELL and FOTI, Js.

Argued January 8—decision released April 6, 1993

*David C. Pite,* for the appellant (plaintiff).

*Frederick L. Murolo,* with whom, on the brief, was *Michelle J. Blair,* law student intern, for the appellee (defendant).

O'CONNELL, J. This appeal arises from the plaintiff's application to compel the defendant, Metropolitan Property and Casualty Insurance Company, to arbitrate her claim pursuant to the underinsured motorist provision of her insurance policy. The plaintiff claims that, in denying her application, the trial court improperly (1) found that the statute of limitations was a threshold issue, (2) found that the statute of limitations had run prior to the filing of this application, and (3) failed to render a decision on her postjudgment motion to reconsider. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. On July 17, 1981, the plaintiff was an insured under an automobile liability policy issued by the defendant when she was involved in an automobile accident caused by the negligence of another driver. The uninsured motorists portion of her policy provided: "Whether any person is legally entitled to collect damages, and the amount to which such person is entitled, will be determined by agreement between that person and us. Upon written request of either party any disagreement will be settled by arbitration." The policy did not contain any time limitation for making the demand for arbitration.

On January 3, 1985, the plaintiff settled her case with the tortfeasor for the limits of the tortfeasor's policy. In 1985 and 1986, correspondence was exchanged between the plaintiff's counsel and the defendant regarding her underinsured claim. Thereafter, the matter remained dormant until January 28, 1991, nine and one-half years after the accident, when the plaintiff's counsel wrote to the defendant requesting arbitration. On February 25, 1991, the defendant denied the arbitration request on the ground that the claim was barred by the six year contract statute of limitations, General Statutes § 52-576.[1] The plaintiff commenced this action to compel arbitration by application dated December 17, 1991.[2] The trial court denied the application and the plaintiff appealed.

I

The plaintiff first claims that the effect of the statute of limitations on her demand for arbitration was a coverage issue to be decided in arbitration and not a threshold issue for the court to decide. General Statutes § 38a-336 (c) mandates that "[e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding." The effect of § 38a-336 (c) is, therefore, to "remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all

---

[1] General Statutes § 52-576 provides in pertinent part: "(a) No action for an account, or on any simple or implied contract, or any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[2] General Statutes § 52-410 provides in pertinent part: "(a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . . The application shall be by writ of summons and complaint, served in the manner provided by law."

issues as to coverage . . . ." *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 42, 434 A.2d 304 (1980).

The statute was intended to make arbitration compulsory only for issues of coverage. *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 657–58, 591 A.2d 101 (1991). The arbitrability of a dispute, by contrast, is a legal question for the trial court to decide as a threshold matter. *Beloff* v. *Progressive Casualty Ins. Co.*, 203 Conn. 45, 54, 523 A.2d 477 (1987); *Security Ins. Co. of Hartford* v. *DeLaurentis*, 202 Conn. 178, 187, 520 A.2d 202 (1987); *Oliva* v. *Aetna Casualty & Surety Co.*, supra, 39–40. Included in that legal question is "the issue of who is entitled to arbitrate a claim." *Gaudet* v. *Safeco Ins. Co.*, 219 Conn. 391, 399, 593 A.2d 1362 (1991). The court should not proceed to the merits of the claim unless it first decides that the claim is not arbitrable. Id., 399–400. Where an issue may be fairly characterized as either one of arbitrability or one of coverage, the court should submit the issue to the arbitrator. Id., 399.

The distinctions between coverage issues and arbitrability issues have not always been readily apparent. Although no bright line rule has emerged, the cases demonstrate that the hallmark of a coverage issue is that it necessarily involves an analysis of the scope of coverage as provided by the terms of the policy. Consequently, a coverage issue is one that is governed wholly by the policy language; see *Security Ins. Co. of Hartford* v. *DeLaurentis*, supra; *Oliva* v. *Aetna Casualty & Surety Co.*, supra; or involves the interpretation of both statutory and policy language; see *Lane* v. *Aetna Casualty & Surety Co.*, 203 Conn. 258, 265–67, 524 A.2d 616 (1987); *Wilson* v. *Security Ins. Group*, 199 Conn. 618, 623–24, 509 A.2d 467 (1986); or otherwise implicates the scope of coverage afforded by the terms of the policy. *Gaudet* v. *Safeco Ins. Co.*, supra.

An issue of arbitrability, by comparison, is one that addresses the arbitrability of the claim and is capable of being decided by the court as a matter of law irrespective of the terms of the policy. In *Beloff* v. *Progressive Casualty Ins. Co.,* supra, our Supreme Court recognized this distinction in holding that the question of whether the statutory duty to arbitrate coverage issues applied to motorcycle insurance policies was a threshold legal issue for the court to decide. The court explained that "[t]his appeal is distinguishable from the [coverage] cases cited in that here there is a dispute as to whether the dictates of [the statute] apply to the policies in question, not just a dispute over the scope of coverage mandated by the [statute]." Id., 54.

The present case more nearly resembles *Beloff* than the coverage line of cases cited. Here, there is no dispute over the scope of coverage provided by the policy. The only question is whether the plaintiff is entitled to compel arbitration. That is precisely the question the trial court is charged with deciding. See *Gaudet* v. *Safeco Ins. Co.,* supra. In making that determination, the trial court did not need to interpret the policy language as the policy contained no time limitation for demanding arbitration; the court needed only to apply the statutory limitation period. Accordingly, because the issue concerned arbitrability only and because the issue was entirely dehors the policy, it was properly decided by the trial court.

II

The plaintiff next claims that even if the issue was one for the trial court to decide, the court improperly found that she failed to demand arbitration before the six year limitation period provided by General Statutes § 52-576 had run. "While the statute of limitations normally begins to run immediately upon the accrual of

the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." *Gaylord Hospital* v. *Massaro,* 5 Conn. App. 465, 467, 499 A.2d 1162 (1985).

The plaintiff argues that her cause of action did not accrue until February 25, 1991, when the defendant notified her that it would not proceed to arbitration of her claim. There is no merit to this claim. The cause of action accrued, at the latest, when she had exhausted the tortfeasor's policy on January 3, 1985.[3] See *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 195–96, 530 A.2d 171 (1987). Consequently, the plaintiff's letter of January 28, 1991, demanding arbitration was untimely.

The result of following the plaintiff's logic would be a virtual nullification of the statute of limitations because there would be no limit as to when a plaintiff could request arbitration. The claim would be completely open ended and the function of the statute of limitations to prevent stale claims would be defeated. "The enactment of [s]tatutes limiting the time within which an action may be brought are the result of a legitimate legislative determination which balances the rights and duties of competing groups. . . . A statute of limitation or of repose is designed to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid

---

[3] In view of our disposition of the appeal, it is not necessary for us to decide whether the plaintiff could have maintained her cause of action at some earlier time. See *McGlinchey* v. *Aetna Casualty & Surety Co.,* 224 Conn. 133, 141 n.7 617 A.2d 445 (1992); see also *Hotkowski* v. *Aetna Life & Casualty Co.,* 224 Conn. 145, 150 n.6, 617 A.2d 451 (1992).

in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." (Citation omitted; internal quotation marks omitted.) *Ecker* v. *West Hartford,* 205 Conn. 219, 239–40, 530 A.2d 1056 (1987).

In the present case, the request for arbitration was made nine and one-half years after the accident and more than six years after release of the tortfeasor. We conclude that the statute of limitations began to run no later than January 3, 1985, and that the plaintiff's attempt to resurrect the claim on January 28, 1991, was barred by the statute.

## III

The plaintiff's final claim is that the trial court improperly failed to rule on her postjudgment motion for reconsideration. The parties stipulated that the trial court should treat this pleading as a "motion to reopen." We will refer to it by its captioned title, "motion for reconsideration."

The plaintiff cites no authority, nor are we aware of any, for including such a motion in the appeal of a judgment. Although we do not condone a trial court taking an inordinate amount of time to rule on any motion, an appeal is not the proper remedy. Practice Book § 4183 (1)[4] gives this court the power to order the trial court to rule on an undecided motion. *Tough* v. *Ives,* 159 Conn. 605, 607, 268 A.2d 371 (1970) (construing former Practice Book §§ 692 and 694); W. Maltbie, Connecticut Appellate Procedure (1957) § 279.

---

[4] Practice Book § 4183 provides in pertinent part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed. . . . The court may, on its own motion . . . or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal. . . ."

The plaintiff's remedy was by way of motion to this court under Practice Book § 4183 (1) for an order to compel the trial court to decide her motion for reconsideration. Accordingly, we decline to review this claim because it is not properly a part of the appeal.

The judgment is affirmed.

In this opinion the other judges concurred.