NEDRA F. WYNN *v.* METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY
(14788)

PETERS, C. J., BORDEN, KATZ, PALMER and MENT, Js.

Argued January 6—decision released February 1, 1994

*David C. Pite,* for the appellant (plaintiff).

*Frederick L. Murolo,* for the appellee (defendant).

PER CURIAM. In this action pursuant to General Statutes § 52-410[1] to compel arbitration of an underinsured motorist insurance claim, the principal issue is whether a defense alleging the expiration of the statute of limitations raises a threshold issue of arbitrability to be determined by the court, or a coverage issue to be determined by the arbitrator. Holding that the applicable statute of limitations had run, the trial court denied the application of the plaintiff, Nedra F. Wynn, to compel the defendant, Metropolitan Property and Casualty Insurance Company, to arbitrate her claim for compensation.

In *Wynn* v. *Metropolitan Property & Casualty Ins. Co.,* 30 Conn. App. 803, 623 A.2d 66 (1993), the Appellate Court affirmed the judgment of the trial court. The Appellate Court concluded that the distinction between an issue of arbitrability and an issue of coverage is whether the issue is one that is governed wholly by the language of the insurance policy. Id., 806–807. Applying this test, the Appellate Court concluded that the applicability of a statute of limitations was an issue of arbitrability for the court and that the trial court had, therefore, correctly undertaken to determine, as a threshold matter, whether the statute of limitations had expired in this case. Id., 808. The Appellate Court further concluded that the trial court had properly held the plaintiff's demand for arbitration to be time-barred because she had failed to demand arbitration before the

---

[1] General Statutes § 52-410 provides in relevant part: "APPLICATION FOR COURT ORDER TO PROCEED WITH ARBITRATION. (a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law."

six year limitation period provided in General Statutes § 52-576 had run. Id., 807–809.[2] We granted the plaintiff's petition for certification to appeal.[3]

After examining the record on appeal, and after considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court must be affirmed. The issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us to repeat the discussion therein contained. Cf. *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.

---

[2] General Statutes § 52-576 provides in relevant part: "ACTIONS FOR ACCOUNT OR ON SIMPLE OR IMPLIED CONTRACTS. (a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."

The underlying facts relating to the applicability of the statute of limitations are undisputed. On January 3, 1985, the plaintiff signed a release that settled her claim against the third party tortfeasor. More than six years later, on January 28, 1991, she wrote the defendant a letter demanding arbitration of her underinsured motorist claim. On February 25, 1991, the defendant notified the plaintiff that her request for arbitration had been denied. The plaintiff brought her action to compel arbitration on December 17, 1991.

[3] We granted the plaintiff's petition for certification to appeal limited to the following issues:

"1. Did the Appellate Court properly conclude that the statute of limitations defense was a threshold issue which the trial court could decide without referring the same to the arbitrators in light of the positive assurance test for arbitrability and General Statutes § 52-410?

"2. Did the Appellate Court properly conclude that the statute of limitations had run prior to the filing of the plaintiff's application to compel arbitration?" *Wynn* v. *Metropolitan Property & Casualty Ins. Co.,* 226 Conn. 907, 625 A.2d 1379 (1993).