Mathers, J.
Plaintiff brought this declaratory judgment seeking the court’s determination that the defendant’s claim for underinsurance benefits is barred by the six-year statute of limitations. The plaintiff had moved for summary judgment on the statute of limitations. For the following reasons, plaintiffs motion for summary judgment is hereby granted.
BACKGROUND
On December 19, 1983, Richard Goddard was struck by an automobile driven by Donna Delaney while crossing a public way in Plymouth, Massachusetts. The next day, Mr. Goddard (the defendant in the present action) died as a result of injuries sustained in the accident.
Ms. Delaney had an automobile policy with Allstate Insurance Company. The policy limit was ten thousand dollars. In May 1986, the defendant’s estate settled with Allstate for the full policy limits of ten thousand dollars. Janet Burbank, the defendant’s sister, lived with the defendant at the time of the accident.
Ms. Burbank, who is now deceased, had a Massachusetts automobile policy with the plaintiff. Ms. Burbank’s policy limit was fifty thousand dollars in underinsurance benefits. Additionally, the policy provided that:
The determination as to whether an injured person is legally entitled to recover damages from the owner or operator of a responsible auto will be by agreement between us and the injured person. The amount of damages, if any, will be determined in the same way. Arbitration will be used if no agreement can be reached.
In August 1993, the defendant requested that the plaintiff agree to arbitration concerning the underinsurance benefits contained in Ms. Burbank’s policy. The plaintiff refused to arbitrate. On August 30, 1993 the plaintiff filed its complaint requesting declaratory judgment.
DISCUSSION
1. Summary Judgment Standard
The court should grant summary judgment when there are no genuine material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., *576 410 Mass, 805, 809 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes that absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleading and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
2. The Statute of Limitations
The central issue in this case involves determining when the statute of limitations begins to run on an underinsurance claim. Neither the state legislature nor the appellate courts of Massachusetts have directly addressed this issue. Therefore, in a case such as this, where a statute fails to indicate when a statutory period begins to run, “that determination is for the court to make.” Riley v. Presnell, 409 Mass. 239 (1991); Olsen v. Bell Telephone Labs., Inc., 388 Mass. 171, 174 (1983).
Underinsurance claims are governed by a six-year statute of limitations. Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 636 (1992). The plaintiff asserts that the defendant’s request is barred since it was filed after the applicable statute of limitations had expired. In particular, the plaintiff argues that the statute of limitations should be measured from the date of the underlying accident or, in the alternative, from the time the defendant knew that the tortfeasor was un-derinsured. The defendant, meanwhile, asserts that the statute of limitations did not begin to run until August 26, 1993, the date upon which the plaintiff refused to arbitrate the claim.
In resolving this issue of first impression, it is instructive to look to the decisions of other states. A review of those decisions indicates that when the statute of limitations accrues remains an unsettled question. Nonetheless, the logic of a recent decision of the Appellate Court of Connecticut in a factually identical case is inescapable.
In Wynn v. Metropolitan Prop. & Cas., 623 A.2d 66 (Conn.App. 1993), aff'd, 635 A.2d 814 (Conn. 1994), the Appellate Court of Connecticut held that the statute of limitations began to run on the date the insured settled the case with the tortfeasor for the limits of the tortfeasor’s policy. Id. at 69. In July 1981, the plaintiff in Wynn had been injured in an automobile accident. On January 3, 1985, the plaintiff settled her case with the tortfeasor for the limits of the tortfeasor’s policy. Id. at 67. Over the course of the next two years, correspondence were exchanged between the plaintiffs counsel and the defendant-insurance company regarding the plaintiffs underinsured claim. Id. On January 28, 1991, the plain tiff wrote the defendant a letter demanding arbitration of her underinsured motorist claim.[1] Id. On February 25, 1991, the defendant notified the plaintiff that her request for arbitration had been denied. Subsequently, the plaintiff brought an action to compel arbitration. Id.
As in the present case, the plaintiff in Wynn argued that the statute of limitations did not accrue until the date the defendant notified her that it would not proceed to arbitration. Id. In rejecting that argument, the court stated that:
The result of following the plaintiffs logic would be a virtual nullification of the statute of limitations because there would be no limit as to when a plaintiff could request arbitration. The claim would be completely open ended and the function of the statute of limitations to prevent stale claims would be defeated. “The enactment of statutes limiting the time within which an action may be brought are the result of a legitimate legislative determination which balance the rights and duties of competing groups ... A statute of limitations ... is designed to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise.” (Citations omitted.)
Id. at 69.
In the present case, the material facts are not in dispute. In December 1983, the defendant died as a result of injuries suffered when he was struck by the third-party tortfeasor’s automobile. In May 1986, the defendant’s estate settled with the third-party tortfeasor’s insurance company. It was not until August 1993 that the defendant demanded that the plaintiff agree to arbitration. Since the defendant’s answer admits these facts, the plaintiff, as the moving party, has met its burden of affirmatively demonstrating the absence of a triable issue of material fact. Pederson, supra at 16-17. Therefore, applying the reasoning set forth in Wynn[2] to the facts of this case the plaintiff is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, the plaintiffs motion for summary judgment is ALLOWED.

 The policy provision at issue in Wynn was identical in substance to the policy provision in this case: “Whether any person is legally entitled to collect damages, and the amount to which such person is entitled, will be determined by agreement between that person and us. Upon written request of either party any disagreement will be settled by arbitration.” Wynn, 622 A.2d at 67.

 The Connecticut courts held that the statute of limitations begins to run on the date the insured settled the case with the third-party tortfeasor. Wynn, supra at 69.