[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On June 7, 1994, the plaintiffs, Raymond A. Johnson and Jean Johnson, filed an action against the defendant, Connecticut Insurance Guaranty Association, to compel arbitration. The plaintiffs have alleged the following facts in their complaint. On January 1, 1998, the plaintiffs and American Universal Insurance Group [American] entered into a written policy of insurance, which included a provision for arbitration.[1] On or about January 13, 1988, the plaintiffs were injured in an automobile accident In May, 1990, the plaintiffs settled with the tortfeasor's insurance carrier for the full amount of the tortfeasor's insurance coverage. The plaintiffs thereafter made a demand upon the defendant[2] for arbitration pursuant to the terms of the underinsured CT Page 9790 motorist provisions of their policy with American. The plaintiffs complied with all obligations placed upon them pursuant to the policy with American; however, the defendant has neglected and refused to perform the agreement for arbitration. The plaintiffs seek an order pursuant to General Statutes § 52-410 directing the defendant to proceed with arbitration in compliance with the insurance policy.[3] Attached to the plaintiffs' complaint are copies of correspondence between the plaintiffs, American and the defendant, the declarations page of the policy and relevant provisions of the insurance policy.
On June 16, 1994, the defendant filed an answer, three special defenses and a counterclaim. In the first special defense, the defendant alleges that the plaintiffs' claims are barred by the applicable statute of limitations, General Statutes § 52-576. In the second special defense, the defendant alleges a setoff of amounts paid under the med-pay provision of the American policy. In the third special defense, the defendant alleges that the defendant is entitled to a credit of amounts paid by the tortfeasor. In the counterclaim, the defendant alleges that when the plaintiffs settled their claim against the tortfeasor, the plaintiffs agreed to repay American the money they received under the med-pay provisions or the basic reparations benefits of American's policy, and the defendant is entitled to recover that money, as it stands in the shoes of American. On July 22, 1994, the plaintiffs filed a reply to the defendant's special defenses and counterclaim. Also on July 22, 1994, the plaintiffs filed a motion for order to proceed with arbitration accompanied by a memorandum of law in support thereof.
On August 8, 1994, the defendant filed a motion for summary judgment on the plaintiffs' complaint on the ground that the plaintiffs' claims are barred by the applicable statute of limitations, General Statutes § 52-576. Also on August 8, 1994, the defendant filed an objection to the plaintiffs' motion for order to proceed with arbitration. The defendant filed a memorandum of law in support of the objection, and a memorandum in support of its motion for summary judgment, in which it incorporated the arguments in the memorandum of law in support of its objection. On August 24, 1994, the plaintiffs filed an objection to the CT Page 9791 defendant's motion for summary judgment, accompanied by a supporting memorandum of law, an affidavit of the plaintiffs' attorney and copies of the plaintiffs' demand for arbitration sent to American dated May 4, 1990, the plaintiffs' demand for arbitration sent to the defendant dated March 26, 1993, and other correspondence between the plaintiffs' attorney and the defendant.
DISCUSSION
The purpose of a motion for summary judgment is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574,534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v.Middlesex Ins. Co., 319 Conn. 644, 650, 594 A.2d 952
(1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105, ___ A.2d ___ (1994), quoting D.H.R. Construction Co.v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, 214 Conn. 242,247, 571 A.2d 116 (1990), quoting Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982).
When an insurance policy contains no time limit within which the insured must make a demand for arbitration under the underinsured motorist provision, General Statutes § 52-576, the general contract statute of limitations, applies. See Wynn v. Metropolitan Property Casualty InsuranceCompany, 30 Conn. App. 803, 808, 623 A.2d 66 (1993), aff'd,228 Conn. 436, 635 A.2d 814 (1994). General Statutes § 52-576
states in pertinent part: "(a) No action . . . on any contract in writing, shall be brought, but within six years after the right of action accrues. . . ." Since the policy here at issue provides no time limit for demanding arbitration, § 52-576 applies. CT Page 9792
The defendant argues that the six-year statute of limitations began to run on January 18, 1988, the date of the accident. The defendant asserts that the plaintiffs' action is barred by § 52-576 because the plaintiffs did not commence the action until June, 1994, more than six years after the accident. The plaintiffs argue that the statute began to run in May, 1990, when the plaintiffs settled with the tortfeasor's insurance carrier. The plaintiffs maintain that because they commenced their action within six years of that date, their claim is not barred by § 52-576.
"`While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action.'" Wynn v.Metropolitan Property Casualty Ins. Co., supra, 30 Conn. App. 807-808, quoting Gaylord Hospital v. Massaro, 5 Conn. App. 465,467, 499 A.2d 1162 (1985). In a case involving similar facts and issues, the Appellate Court held "[t]he cause of action accrued, at the latest, when [the insured] had exhausted the tortfeasor's policy." Wynn v.Metropolitan Property Casualty Ins. Co., supra, 30 Conn. App. 803. In Wynn, the Court found that the plaintiff had exhausted the tortfeasor's policy on January 3, 1985 but did not write to the defendant to demand arbitration until January 28, 1991, more than six years after, exhausting the tortfeasor's policy. The Appellate Court therefore held that because the plaintiff did not demand arbitration until more than six years had passed from the date the plaintiff exhausted the tortfeasor's policy, the plaintiff's claim was barred by § 52-576. The Supreme Court granted certification, inter alia, on the following issue: "Did the Appellate Court properly conclude that the statute of limitations had run prior to the filing of the plaintiff's application to compel arbitration?" Wynn v. MetropolitanProperty Casualty Ins. Co., 226 Conn. 907, 625 A.2d 1379
(1993). In its per curiam decision affirming the Appellate Court's decision, the Supreme Court concluded that "[t]he issues on which we granted certification were properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. It would serve no useful purpose for us CT Page 9793 to repeat the discussion therein contained." Wynn v.Metropolitan Property Casualty Ins. Co., supra, 228 Conn. 438. The Wynn case directly addresses the issue before this Court regarding the date upon which the statute of limitations begins to run with respect to an application to compel arbitration pursuant to an arbitration clause in an insurance policy. The cases cited by the defendant are distinguishable because the underinsured motorist provisions in the policies there at issue expressly required the insured to initiate collection proceedings "within a two year period from the occurrence of an automobile accident." Hotkowski v. Aetna Life CasualtyCo., 224 Conn. 145, 146, 617 A.2d 451 (1992); McGlinchey v.Aetna Casualty Surety Co., 224 Conn. 133, 134,617 A.2d 445 (1992). In this case, by contrast, there is no evidence that the policy at issue contains such language, nor does the defendant claim that that the policy contains a time limit for demanding arbitration or initiating collection proceedings. Accordingly, under Wynn, the Court concludes that the six-year limitations period prescribed by Section 52-576 began to run on the date the plaintiffs settled with the tortfeasor's insurance carrier.
The documentary evidence attached to the plaintiffs' complaint and submitted by the plaintiffs in opposition to the defendant's motion for summary judgment show that the plaintiffs settled with the tortfeasor in May, 1990. Such documentary evidence also shows that the plaintiffs made a written demand for arbitration to American on May 4, 1990, and made a written demand for arbitration to the defendant on March 26, 1993. Accordingly, because the plaintiffs' entire effort to pursue an arbitrated settlement of this dispute — beginning with their written demands for arbitration and culminating in their filing and argument of the instant motion to compel arbitration — has been pursued within six years of the date in May, 1990 when they settled their underlying claim against the tortfeasor, the Court must deny the defendant's motion for summary judgment.
So ordered this 26th day of September, 1994.
Michael R. Sheldon Judge CT Page 9794