KIMBERLY S. ROBERTS *v.* WESTCHESTER FIRE
INSURANCE COMPANY
(14194)

Landau, Heiman and Schaller, Js.

Argued December 7, 1995—decision released February 13, 1996

*Gary G. Cooper*, for the appellant (defendant).

*Frank A. Bailey*, for the appellee (plaintiff).

SCHALLER, J. The defendant appeals from the judgment of the trial court granting the plaintiff's application for an order to compel the defendant to arbitrate her claim pursuant to the underinsured motorist provision of her insurance policy. The dispositive issue on appeal is whether the trial court improperly concluded that the effect of the doctrine of collateral estoppel on the plaintiff's demand for arbitration was a coverage issue to be decided in arbitration rather than a threshold issue for the court to decide. We reverse the judgment of the trial court.

The trial court found the following facts. On August 26, 1994, the plaintiff filed an application for an order to proceed with arbitration against the defendant pursu-

ant to General Statutes § 52-410.[1] In the application, the plaintiff claimed that, on March 23, 1991, she sustained injuries when the car in which she was a passenger was involved in an accident. The plaintiff brought a civil action against the tortfeasor, and obtained a judgment in her favor. The amount of damages the plaintiff was awarded exceeded the tortfeasor's insurance coverage.

The plaintiff further claimed that she was insured under an automobile liability insurance policy issued by the defendant, and she sought additional compensation from the defendant pursuant to the underinsured motorist coverage provision of the policy. The plaintiff and the defendant, however, were unable to agree on the amount of damages to which the plaintiff is entitled. The underinsured motorist portion of the plaintiff's policy provides: "If we and an 'insured' do not agree . . . as to the amount of damages . . . either party may make a written demand for arbitration." The plaintiff demanded, therefore, that the issue of damages be resolved by arbitration pursuant to the insurance policy and General Statutes § 38a-336. The defendant objected, arguing that the doctrine of collateral estoppel barred the plaintiff from relitigating her damages.[2]

Section 38a-336 (c) provides that "[e]ach automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration

---

[1] General Statutes § 52-410 provides in pertinent part: "Application for court order to proceed with arbitration. (a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. . . ."

[2] The defendant did not object to an arbitration proceeding limited to a determination of any setoffs and deductions.

shall include a provision for final determination of insurance coverage in such arbitration proceeding. . . ." "The effect of § 38-336 (c) is, therefore, to 'remove from the court and to transfer to the arbitration panel the function of determining, in the first instance, all issues as to coverage . . . .' " *Wynn* v. *Metropolitan Property & Casualty Ins. Co.*, 30 Conn. App. 803, 805–806, 623 A.2d 66 (1993), aff'd, 228 Conn. 436, 635 A.2d 814 (1994), quoting *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 42, 434 A.2d 304 (1980).

"The arbitrability of a dispute, by contrast, is a legal question for the trial court to decide as a threshold matter. *Beloff* v. *Progressive Casualty Ins. Co.*, 203 Conn. 45, 54, 523 A.2d 477 (1987); *Security Ins. Co. of Hartford* v. *DeLaurentis*, 202 Conn. 178, 187, 520 A.2d 202 (1987); *Oliva* v. *Aetna Casualty & Surety Co.*, supra, [181 Conn.] 39–40. Included in that legal question is 'the issue of who is entitled to arbitrate a claim.' *Gaudet* v. *Safeco Ins. Co.*, 219 Conn. 391, 399, 593 A.2d 1362 (1991)." *Wynn* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 30 Conn. App. 806. Moreover, "[a]n issue of arbitrability . . . is one that addresses the arbitrability of the claim and is capable of being decided by the court as a matter of law irrespective of the terms of the policy." Id., 807.

"Under Connecticut law, [c]ollateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Internal quotation marks omitted.) *Commissioner of Motor Vehicles* v.

*DeMilo & Co.*, 233 Conn. 254, 267, 659 A.2d 148 (1995); see also *Busconi* v. *Dighello*, 39 Conn. App. 753, 767–68, 668 A.2d 716 (1995).

In *Wynn* v. *Metropolitan Property & Casualty Ins. Co.*, supra, 30 Conn. App. 807, we held that the effect of the statute of limitations on the plaintiff's demand for arbitration was a threshold issue for the court to decide. Here, the defendant objected to the plaintiff's demand for arbitration, arguing that the doctrine of collateral estoppel bars the plaintiff from relitigating the issue of damages. We conclude that in this case, as in *Wynn*, "there is no dispute over the scope of coverage provided by the policy. The only question is whether the plaintiff is entitled to compel arbitration." Id. Because the defendant's objection to the application for an order to compel arbitration does not require the trial court to interpret the language of the insurance policy, but requires the court only to apply the doctrine of collateral estoppel, the trial court improperly granted the plaintiff's application for an order to compel arbitration on the issue of damages.

The judgment is reversed and the case is remanded for further proceedings including consideration of whether the doctrine of collateral estoppel bars the plaintiff from relitigating the issue of damages.

In this opinion the other judges concurred.

