[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
These two cases present the same issue. Should the court vacate the December 22, 1995 arbitration panel's decision as to the defendant, Providence Washington Insurance Company, and grant the motion to confirm the award as to Progressive Insurance Company?
FACTS
On January 12, 1996, the plaintiff, Jamie Benoit, filed a motion to confirm in part and vacate in part a December 22, 1995 arbitration award (Benoit Motion). On January 16, 1996, the defendant, Progressive Casualty Company (Progressive), filed an application to vacate the December 22, 1995 arbitration award in the Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 538470 (Progressive Motion). The plaintiff moved the court to transfer the Progressive Motion to the judicial district of New London. This motion was granted by the court, Wagner, J., after the parties failed to object to the transfer.
In support of the Benoit Motion, the plaintiff claims that he was injured when struck by an underinsured motorist. In its memorandum, the defendant, Providence Washington Insurance Company (Providence) claims that the incident took place on April 24, 1993, and that the plaintiff was operating a friend's motorcycle at the time of the incident.
The plaintiff commenced proceedings against the two defendants, Progressive and Providence, for underinsured motorist benefits provided under each company's insurance policy held by the plaintiff's father. The parties agreed to submit the plaintiff's claims under the insurance policies to arbitration. After a full hearing on September 7, 1995, the arbitrators issued a written award, attached to the Benoit Motion as Exhibit A.
The arbitrators found the following facts. The plaintiff collected $20,000 from the underinsured motorist who struck him, thereby exhausting the limits of all applicable liability policies. (Exhibit A, par. 1.) The plaintiff also received $5,500 in collateral source benefits. (Exhibit A, par. 2.) The arbitration panel denied benefits to the plaintiff under the CT Page 6936 Providence insurance policy, finding that the policy's underinsured motorist coverage is limited to vehicles covered under the policy. Because the Progressive policy covered this incident for the benefit of the plaintiff, the arbitration panel found that the total damages were $150,000, Progressive was given a $25,550 credit (reflecting the underinsured motorist recovery and collateral source benefits received by the plaintiff), leaving a balance of $124,450, for which limits of available coverage under the Progressive policy are $80,000. (Arbitration Decision, Exhibit A.)
Both the plaintiff and defendant, Progressive, bring motions to vacate the arbitration award, claiming that the arbitrators failed to conform their award to Connecticut law, exceeding their powers, or imperfectly executing those powers, so that a mutual, final and definite award on the submitted subject matter was not made. Both the plaintiff and the defendant, Progressive, argue that the plaintiff is entitled to coverage under the Providence policy and that the award, as to Progressive, should be prorated accordingly.
The defendant, Providence, submitted a memorandum on October 21, 1996, arguing that the arbitration panel's award should be upheld because the insurance policy that Providence issued to the plaintiff's father does not cover the vehicle involved in the incident.
DISCUSSION
The plaintiff brings his motion to confirm the December 22, 1995 arbitration award as to the defendant, Progressive, pursuant to General Statutes § 52-417,[1] and his motion to vacate the arbitration award as to the defendant, Providence, pursuant to General Statutes §§ 52-418[2] and 52-420[3]
The controlling Connecticut statute for uninsured and under-insured motorist coverage is General Statutes § 38a-336
(formerly § 38-175c).[4] See Middlesex Ins. Co. v. Quinn,225 Conn. 257, 262, 622 A.2d 572 (1993). General Statutes §38a-336 "`remove[s] from the court and . . . transfer[s] to the arbitration panel the function of determining, in the first instance, all issues as to coverage . . . .'" Wynn v.Metropolitan Property Casualty Ins. Co., 30 Conn. App. 803,805-06, 623 A.2d 66, aff'd, 228 Conn. 436 (1993), quoting Olivav. Aetna Casualty Surety Co., 181 Conn. 37, 42, 434 A.2d 304
CT Page 6937 (1980).
"When reviewing an arbitration panel's factual findings concerning underinsured motorist coverage, our courts' standard of review is whether the arbitrators' findings are supported by substantial evidence." D'Addio v. Connecticut Ins. GuarantyAssn., 30 Conn. App. 729, 733, 622 A.2d 609, cert. denied,226 Conn. 903, 625 A.2d 1375 (1993), citing Rydingsword v. LibertyMutual Ins. Co., 224 Conn. 8, 21, 615 A.2d 1032 (1992). "The substantial evidence test in the context of arbitration requires that a court determine whether substantial evidence exists in the `record to support the arbitration panel's findings of basic fact and whether the conclusions drawn from those facts are reasonable . . . .'" Capozzi v. Liberty Mutual Fire Ins. Co.,32 Conn. App. 250, 258, 629 A.2d 424, aff'd, 229 Conn. 448,642 A.2d 1 (1994), quoting Lawrence v. New Hampshire Ins. Co.,29 Conn. App. 484, 490, 616 A.2d 806, cert. denied, 224 Conn. 923,618 A.2d 528 (1992).
The central question for the court in deciding the Benoit and the Progressive Motions is whether the arbitration panel was correct in finding that the Providence policy did not provide underinsured motorist coverage for the plaintiff. While General Statutes § 38a-336 "does not require automobile insurance policies to provide uninsured motorist benefits to any particular class or group of insureds . . . the statute requires that underinsured motorist coverage must be provided `for the protection of persons insured thereunder.'" (Emphasis in original.) Middlesex Ins. Co. v. Quinn, supra, 225 Conn. 264, quoting General Statutes § 38a-336 (a)(1).
The Providence insurance policy in dispute in the present case is attached to the Progressive Motion as Exhibit 2.[5]
"`An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy.'" Stephan v.Pennsylvania General Ins. Co., 224 Conn. 758, 763, 621 A.2d 258
(1993), quoting Schultz v. Hartford Fire Ins. Co., 213 Conn. 696,702, 569 A.2d 1131 (1990). "Under well established rules of construction, any ambiguity in the terms of the insurance policy must be construed in favor of the insured because the insurance company drafted the policy." Stephan v. Pennsylvania General Ins.Co., supra, 224 Conn. 763, citing Streitheiser v. MiddlesexMutual Assurance Co., 219 Conn. 371, 375, 593 A.2d 498 (1991). CT Page 6938
The court finds that the Providence insurance policy is ambiguous as to whether benefits are provided to the plaintiff under the Connecticut Uninsured Motorist Coverage portion of the policy. Therefore, construing the policy in favor of the insured, the court finds that, while the policy clearly limits liability coverage only to the operation of vehicles listed under Item Three of the Declarations statements, the Connecticut Uninsured Motorists Coverage endorsement form attached to the Declarations schedules provides that the plaintiff is an insured because the plaintiff is a family member of the individual policy holder, his father. (Connecticut Uninsured Motorists Coverage, Part B "Who is an Insured", par. 2.)
The conclusion that the plaintiff is an insured under the Providence policy is clear in light of Paragraph 3 of part B under the Connecticut Uninsured Motorists Coverage endorsement, which includes as an insured "[a]nyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto'." This portion of the policy specifically limits coverage to persons occupying a "covered auto." Paragraphs 1 and 2 of this portion of the policy contain no such limitation.
Thus, the Connecticut Uninsured Motorist Coverage form attached to the Providence Declarations schedules provides uninsured/underinsured motorist coverage to the plaintiff, as the family member of the named insured, regardless of whether he was occupying an automobile covered under the policy at the time of the incident. Accordingly, the court finds that the arbitration panel misread the Providence insurance policy, thereby imperfectly executing their powers. The court, therefore, grants the plaintiff's and Progressive Casualty Company's motions to vacate the arbitration panel's decision as to the defendant, Providence.
The court also grants the plaintiff's motion to confirm the arbitration panel's award as to the defendant, Progressive, with modification, pursuant to General Statutes § 52-419. Specifically, the court upholds the arbitration panel's findings that the plaintiff incurred $150,000 in damages. The plaintiff received $20,000 from the underinsured motorist, and the plaintiff received $5,500 from a collateral source, leaving a $124,500 balance of loss. Both the Progressive and the Providence insurance policies held by the plaintiff's father provide benefits to cover this balance of loss. See Lumbermens Mutual
CT Page 6939Casualty Co. v. Huntley, 223 Conn. 22, 26, 610 A.2d 1292 (1992) (insurer providing underinsured motorists coverage may limit its liability by taking credit for a personal payment made by a tortfeasor to the insured); see also Buell v. American UniversalIns. Co., 224 Conn. 766, 775, 909 A.2d 617 (1993) (the uninsured motorist statute permits an insurer to limit its liability by deducting a settlement payment from the damages owed to its insured).
To determine the amount of the balance of loss covered by each of the policies, the court again turns to the language of the policies themselves. With regard to the insured, an insurer may not reduce the limits of its underinsured motorist coverage because of "other insurance." Pecker v. Aetna Casualty SuretyCo., 171 Conn. 443, 451, 370 A.2d 1006 (1976). There are three types of "other insurance" clauses: "escape", "excess", and "prorata". Aetna Casualty Surety Co. v. CNA Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 701687 (July 3, 1991, O'Neill, J.,4 Conn. L. Rptr. 290, 291). As to "other insurance" in the present case, the Progressive policy provides:
 "OTHER INSURANCE If there is other insurance on an ACCIDENT covered by [the uninsured motorist] Section, damages shall be deemed not to exceed the higher or highest of the applicable limits of this insurance and the other insurance. Of such damages, WE will pay the proportionate share OUR Limit of Liability bears to the total limits of an applicable insurance. Insurance under this Section for a vehicle other than YOUR INSURED MOTOR HOME shall be excess over any other applicable insurance." (Progressive Insurance Policy, Motorhome Policy Contract, Section C — Uninsured Motorists Coverage, p. 7.)
The Providence policy provides:
 "OTHER INSURANCE is replaced by the following: If other similar insurance applies we will not duplicate any payment made under that other insurance. If other similar insurance applies to an `auto' you do not own, the insurance provided by this Coverage Form is excess to that other insurance." Connecticut Uninsured Motorists Coverage, par. E "Changes in Conditions," p. 2 of 3.
CT Page 6940
"An excess clause is one which provides that if there is other collectable insurance covering the loss the writer's policy is applicable if the total loss exceeds the limits of the primary policy. 8A Appleman, Insurance Law and Practice §§ 4906, 4909 and 4910." Aetna Casualty Surety Co. v. CNA Ins. Co., supra. "When the clauses in the policies are in conflict the court must first determine their intent and then, if possible, reconcile the two policies." Id.
In the present case, the intent of the two insurers is to be "excess", not the primary insurer. "Because both [insurance clauses] are in total conflict the best solution is to treat both as primary and prorate the loss." Id., citing Atlantic MutualIns. Co. v. Trust Ins. Exchange, 797 F.2d 1288, 1294-99, (5th Cir. 1986). Furthermore, the parties stipulated as to proration of the award at the hearing.
Accordingly, the limits of uninsured/underinsured motorist coverage under the Progressive policy is $100,000 per person and the limits of uninsured motorist coverage under the Providence policy is $500,000 per accident, for total coverage of $600,000. Thus, Progressive shall pay the plaintiff one-sixth ($100,000/$600,000) of the balance of loss, or $21,667 (one-sixth of $124,500), and Providence shall pay the plaintiff five-sixth ($500,000/$600,000) of the balance of loss (five-sixth of $124,500), or $108,333.
CONCLUSION
The court hereby confirms the arbitration panel's award as to the defendant, Progressive Casualty Company, with modifications, and grants the plaintiff's and Progressive Casualty Company's motions to vacate the arbitration decision as to the defendant, Providence Washington Insurance Company. The balance of the damages sustained by the plaintiff, after deducting the underinsured motorist's payment and the collateral source payment are to be prorated between the two defendants as follows: one-sixth to be paid by Progressive, $21,667; and five-sixths to be paid by Providence, $108,333 for a total of $124,500.
D. Michael Hurley Judge Trial Referee