[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the plaintiffs' application to proceed with arbitration under the uninsured motorist provisions of an insurance policy issued by the defendant. The plaintiff's established that the policy contains an arbitration clause.
Counsel for the defendant appeared at special proceedings and CT Page 355-P objected to the application on grounds of collateral estoppel and failure to seek arbitration within the required period.
While the arbitrability of a claim is a threshold matter to be adjudicated by the court, see Beloff v. Progressive Casualty Ins.Co., Inc., 203 Conn. 45, 54 (1987); Roberts v. Westchester FireIns., CO. 40 Conn. App. 294, 297 (1996), a party that claims the dispute is not arbitrable must make the requisite evidentiary showing to support that claim.
The defendant neither produced in evidence nor requested the court to take judicial notice of the claimed prior litigation that it alleges estops the plaintiff's. The court therefore has no basis for adjudicating the claim of collateral estoppel.
The issue of the running of a limitation period for demanding arbitration is likewise a threshold issue to be decided by the court rather than by the arbitrator. See Wynn v. MetropolitanProperty Casualty Insurance Co., 30 Conn. App. 807 aff'd228 Conn. 436 (1994).
The portions of the insurance policy attached to the application do not include any provision requiring an application for arbitration to be made within any specified time from the date of the injury. The defendant did not, in its answer and special CT Page 355-Q defenses to the application, identify the period of limitation that it claims applies, rather it alleged that the plaintiff's had failed to make their demand for arbitration "within the applicable limitation period."
Since the plaintiff's asserts a contractual right to benefits under an insurance contract, it would appear that the six year statute of limitations applicable to claims arising under a written contract applies, pursuant to C.G.S. § 52-576.
Connecticut General Statutes § 38-336 (g) provides that an insurer may not limit the time for bringing a demand for arbitration as to uninsured motorist benefits to a period of time less than three years from the date of the accident (other provisions concerning the tolling of such a period apply under that statute only to claims for underinsured motorist coverage.)
The plaintiff's allege in their application that the accident in which their decedent was injured occurred on September 20, 1989. Accordingly, the application for arbitration filed on December 17, 1996 was beyond the longest of the possible applicable limitation periods of six years.
The defendant cannot be compelled to engage in arbitration beyond the applicable limitation period. Wynn v. MetropolitanCT Page 355-RProperty Casualty Ins., Co., 30 Conn. App. 803 (1993). The plaintiff's have proven no facts that would serve to toll the statute of limitation.
Accordingly, the application to proceed with arbitration is denied.
Beverly J. Hodgson, Judge