[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON OBJECTION TO APPLICATION TOPROCEED WITH ARBITRATION #106
The plaintiffs, Norberto Coelho and Tony Gomes, filed an application for an order to proceed with arbitration on January 24, 1997. The plaintiffs allege that at all relevant times, they were insureds under an uninsured/underinsured motorist policy issued by the defendant, ITT Hartford, now known as Hartford Fire Insurance Co. The policy provided for arbitration should the plaintiffs and the defendant fail to agree whether the plaintiffs were legally entitled to recover damages, and if so, the amount thereof. On June 14, 1990, the plaintiffs were injured when they were struck by a motor vehicle. In April of 1993, the plaintiffs recovered $40,000 from the tortfeasors' insurance company. The plaintiffs informed the defendant of their injuries, but the defendant failed to respond to the plaintiffs' request for arbitration. On December 22, 1997, the court, Mottolese, J., entered an order directing the defendant to proceed to arbitration in compliance with the terms of the policy.
The defendant filed its objection to the application to proceed to arbitration on February 10, 1998. The defendant objects on the ground that there is a threshold issue concerning whether the plaintiffs' application is barred by the six year statute of limitations in General Statutes § 52-576.[1] On March 3, 1998, the plaintiffs filed a memorandum in opposition to the defendant's objection on both procedural and substantive CT Page 5230 grounds. The matter was heard by the court on March 30, 1998.
"Section 52-410 (c) provides that the trial court, after hearing an application for order to proceed with arbitration, shall either grant the order or deny the application, according to the rights of the parties." (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Clinton,38 Conn. App. 555, 656-66, 662 A.2d 1319, cert. denied, 235 Conn. 922,666 A.2d 1186, 116 S.Ct. 1320, 134 L.Ed.2d 473 (1995).
The defendant argues that whether the statute of limitations defense can be raised is a threshold issue for the court to decide. The defendant further argues that the plaintiffs' application to proceed to arbitration is barred by the six-year statute of limitations under General Statutes § 52-576.[2]
The defendant notes that under Wynn v. Metropolitan Property Casualty Ins., 30 Conn. App. 803, 623 A.2d 66 (1993), aff'd,228 Conn. 436, 438, 635 A.2d 814 (1994), for purposes of the limitation established in § 52-576, the plaintiffs' cause of action accrued at the latest when they exhausted the tortfeasors' policy. The defendant submits, however, that the plaintiffs' cause of action accrued on the date of their loss, not on the date of settlement or after the exhaustion of the tortfeasors' policy. The defendant also argues that the plaintiffs did not toll the running of the statute of limitations under General Statutes § 38a-336,[3] because the plaintiffs withdrew the notification they gave to the defendant of any claim they might have had for benefits, and because the plaintiffs have not commenced their suit within one hundred and eighty days from the date of exhausting the tortfeasors' policy The defendant concludes that because the plaintiffs' application for arbitration is dated seven years after their loss, the six year statute of limitations has run, and the defendant cannot be compelled to engage in arbitration.
The plaintiffs argue that the defendant's objection is untimely, in view of the fact that the plaintiffs' motion to proceed to arbitration was previously granted by the court, Mottolese, J., on December 15, 1997. The plaintiffs agree that the statute of limitations defense is not arbitrable and can only be resolved by the court prior to the commencement of arbitration; because the court has already ordered the arbitration to proceed, however, and the defendant has had ample time to raise this issue, the plaintiffs argue that it should now be barred from its attempt to relitigate the plaintiffs' CT Page 5231 application.[4]
The plaintiffs further argue that the defendant's motion should be overruled on the merits. The plaintiffs acknowledge that because their policy does not contain a limitation on when a suit or arbitration should commence, the applicable statute of limitations is § 52-576. The plaintiffs argue that the period begins to run on the date the plaintiffs settled with the tortfeasors' insurance carrier. The plaintiffs also argue that their action could not have been brought against the defendant until they settled with the tortfeasors in June of 1993 in order to fulfill the exhaustion prerequisite, which means the statute would not run until 1999.[5] The plaintiffs further argue that even if the date of the accident was used as the date of accrual, the plaintiffs and the defendant selected their respective arbitrators in 1995, which was within six years of the date of the accident.
A. Whether the Defendant's Motion is Timely
"[T]he effect of the statute of limitations on the plaintiff's demand for arbitration [is] a threshold issue for the court to decide." Roberts v. Westchester Fire Ins. Co.,40 Conn. App. 294, 298, 670 A.2d 892, cert. denied, 236 Conn. 915,673 A.2d 1142 (1996). The issue of whether the plaintiffs' claim is barred by the statute of limitations is properly raised before this court rather than before the arbitration panel. The defendant has properly raised the statute of limitations issue at this time.
"As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself, and not of the remedy alone . . . In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction." (Citation omitted.) Wilson v. Kelley, 224 Conn. 110, 123,617 A.2d 433 (1992). "Lack of subject matter jurisdiction may be raised at any time . . . Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Blakeney v. Commissioner ofCorrection, 47 Conn. App. 568, 572, ___ A.2d ___ (1998). Accordingly, the defendant may raise this issue despite the court's earlier CT Page 5232 order that the parties proceed to arbitration. The defendant has brought into question whether the court has subject matter jurisdiction, a matter that must be decided by the court before any other action is taken.
 B. Whether the Plaintiffs Demanded Arbitration Within Six Years of the Accrual of this Action
"While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." Wynn v. Metropolitan Property Casualty Ins., supra, 30 Conn. App. 807-08. In Wynn, the plaintiff argued that her cause of action did not accrue until the defendant notified her that it would not proceed to arbitration of her claim. The court held that there was no merit to this claim. According to the court, the cause of action accrued, at the latest, when the plaintiff exhausted the tortfeasor's policy by settling her case with the tortfeasor for the limits of the tortfeasor's policy. Id., 808.
"The Wynn case directly addresses the issue before this Court regarding the date upon which the statute of limitations begins to run with respect to an application to compel arbitration pursuant to an arbitration clause in an insurance policy . . . In this case . . . there is no evidence that the policy at issue . . . contains a time limit for demanding arbitration or initiating collection proceedings. Accordingly, under Wynn, the Court concludes that the six-year limitations period prescribed by Section 52-576 began to run on the date the plaintiffs settled with the tortfeasor's insurance carrier." (Citations omitted.)Johnson v. Connecticut Ins., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 538466 (September 26, 1994) (Sheldon, J.).
The court's reasoning in Johnson is applicable here, where the plaintiffs settled with the tortfeasors in April of 1993. Thus, the facts here are distinguishable from those in Cirillo v.Nation Union Fire Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 395078 (January 24, 1997) (Hodgson, J.) (18 Conn. L. Rptr. 566), where there was no settlement date, and the court used the date of the plaintiff's loss as the accrual date.[6] Here, the plaintiffs settled with CT Page 5233 the tortfeasors in April of 1993. Therefore, the statute of limitations will not run until April of 1999, as the plaintiffs' cause of action did not accrue until the date of settlement.[7]
Whether the defendant's statute of limitations defense bars the plaintiffs from arbitrating their claim is a matter that the court must decide. In accordance with both Wynn and Johnson, the defendant's objection to the plaintiffs' motion to compel arbitration is overruled.
STODOLINK, J.