[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT # 107
Plaintiff Lori Bonaldi brought this suit to enforce her claim for underinsurance coverage from U.S. Fidelity Guaranty ("USFG"). Defendant USFG has moved for summary judgment on the grounds that Plaintiff's action is barred by the applicable statute of limitation, General Statutes § 52-576 (a).
The Court finds no dispute as to the following pertinent facts. An accident occurred in October, 1990, while Plaintiff was insured with USFG. Plaintiff claimed damages against the tortfeasor's insurer, Allstate Insurance Company ("Allstate"), which insurer obtained a release from her on March 27, 1991, and issued a check in settlement of all claims. That check was dated April 23, 1991. Plaintiff then claimed additional damages against her own underinsurance policy with USFG, making her first written claim on April 17, 1991. USFG never issued a written denial of its insured's claim until April 7, 1997, at which time it wrote that "[t]he insured's failure to institute a demand for arbitration within the 6 year contractual standing of her USFG Insurance policy precludes her from further pursuing this claim." (Motion for Summary Judgment Appended Exhibit 3). Plaintiff responded in writing on April 9, 1997, with a demand for arbitration. (Motion for Summary Judgment Appended Exhibit 4). The insurance policy in dispute does not specify a limitation CT Page 7042 period in which such a demand must be made; the parties do agree for purposes of this Motion that they are governed by the six-year statute of limitation found at General Statutes §52-576(a).
They do not, however, agree on which date that limitation period commenced. USFG argues that the critical commencement date was the date on which Allstate obtained a release from Plaintiff, on March 27, 1991, and that the date of the demand for arbitration, April 9, 1997, was more than six years after that date, citing Wynn v. Metropolitan Property Casualty InsuranceCo., 30 Conn. App. 803 (1993) in support of its position. Plaintiff argues that the critical date is April 23, 1993, being the date on which Allstate issued the settlement check finalizing Plaintiff's release of all claims against its insured.
The Court must defer to the unambiguous language of the policy to determine the critical commencement date. The relevant amendment to USFG's contract with Plaintiff provides in Paragraph II A. that "[w]e will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." (Plaintiff's Reponse to Motion for Summary Judgment Appended Exhibit T). The only question before the Court is on which date Allstate's "policy has been exhausted by payment of judgments or settlements." The Court finds that date was April 23, 1997, when Allstate issued its settlement check to Plaintiff.
This analysis is not inconsistent with Wynn. In that case, the court held that the limitation period commenced on the date the plaintiff settled her case. We do not know whether that was the date on which the settlement check was issued or the date the release was signed; nor are we privy to the language of the insurance policy in that case. In this case, however, the policy specifically states the date of the payment of settlement as the date from which a claim for underinsured coverage may be made. In any event, this Court finds that the date plaintiff finally settled her case in accordance with the terms of USFG's policy was the date on which Allstate issued a check to her, being April 23, 1991, which date was within six years of the demand for arbitration on April 9, 1997.
The Court finds that the Plaintiff did demand arbitration within the six-year statute of limitation and therefore USFG's CT Page 7043 Motion for Summary Judgment is denied.
Pellegrino, J.