[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
On August 8, 1986, the plaintiff was injured while a passenger in a motor vehicle owned by the defendant and operated by Wanda Boos-Bouier pursuant to a leasing agreement with CT Page 9593 defendant. The vehicle was struck by a motorcycle operated by an uninsured tortfeasor without the permission of the owner. In 1988, the plaintiff commenced a lawsuit against the tortfeasor who had neither insurance or assets with which to compensate her for her injuries and damages. On February 4, 1992, the plaintiff filed an application to compel arbitration with The Travelers Insurance Company, the insurer for the driver, Wanda Boos-Bouvier. A hearing was eventually held on April 6, 1998 and a decision issued on August 27, 1998 finding The Travelers liable for $20,000.00 in uninsured motorist benefits. Plaintiff commenced the instant lawsuit against Avis Rent a Car System, Inc. ("Avis"), with a return date of November 17, 1998. An amended complaint was filed on January 4, 1999 which remains the operative complaint.
Defendant moves for summary judgment on the ground that the action is barred by the six year statute of limitations for contracts set forth in Section 52-576 of the General Statutes. The essential issue presented by the motion calls for a determination of when the plaintiffs cause of action for uninsured motorist benefits accrued. The defendant asserts that the plaintiffs cause of action accrued on August 8, 1986, the date of the accident, or on August 8, 1988, the date the plaintiff filed her demand for arbitration. On the other hand, the plaintiff claims that her cause of action accrued on August 27, 1998, the date on which an arbitrator found that The Travelers was liable for payment of $20,000.00 to the plaintiff. In support of her position, the plaintiff relies on PrudentialProperty and Casualty, Ins. Co. v. Perez-Henderson,49 Conn. App. 653 (1998); Wynn v. Metropolitan Property Casualty Ins. Co.,30 Conn. App. 803, 807-08 (1993), affd, 228 Conn. 436 (1994); andPolizos v. Nationwide Mutual Ins. Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 155218 (February 5, 1998, Nadeau, J.).
The defendant also relies on the case of Wynn v. MetropolitanProperty Casualty Ins. Co., supra, which held that an insured's cause of action for underinsured motorist benefits accrued for limitations purposes, at the latest, when the insured has exhausted the tortfeasor's policy as that was the first point in time that plaintiff "could have successfully maintained an action." "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to CT Page 9594 establish the time when the plaintiff could have first successfully maintained an action." Wynn v. Metropolitan Property Casualty Ins. Co., supra, 30 Conn. App. 807-08, citing GaylordHospital v. Massaro, 5 Conn. App. 465, 467 (1985).
Since a claim for uninsured motorist benefits, as distinguished from a claim for underinsured motorist benefits, is not dependent upon exhaustion of other liability coverages, the cause of action accrues for statute of limitations purposes at an earlier point in time. As the plaintiff in Wynn sought underinsured motorist benefits, the court held that the plaintiff therein could not have maintained an action until she had exhausted the tortfeasor' s coverage. In the instant case, the plaintiff did not have to wait to exhaust the uninsured motorist coverage of the tortfeasor because there was none to exhaust. See Cirillo v.National Union Fire Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 395078 (January 24, 1997, Hodgson, J.). Further, although Polizos, supra, also involved a claim for uninsured motorist benefits, the plaintiff had no indication of the lack of insurance until discovery. In this case, it is undisputed, as reflected in the police report, the plaintiff was aware of the tortfeasor's lack of insurance on August 8, 1986, the day of the accident. It is also undisputed that the plaintiff was certainly aware of the issue of no insurance when she first began pursuing uninsured motorist benefits on August 8, 1988, by filing a demand for arbitration. Both of these dates preceded the filing of the present lawsuit by more than six years.
The court finds that the plaintiff was required to file this lawsuit within six years of learning that the tortfeasor was uninsured, a point in time which certainly predated August 8, 1988. Since the lawsuit was not commenced until 1998, it is barred by the applicable statute of limitations, Conn. Gen. Stat. § 52-576.
Accordingly, the defendant's motion for summary judgment is granted.
Peck, J.