[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in this action seek to compel arbitration under the uninsured motorist provisions of their insurance contract with the defendant Hartford Accident Indemnity Company ["Hartford Accident"]. The defendant opposes the application on the ground that the plaintiffs' claim is barred by the applicable Statutes of Limitations, General Statutes §52-576. The undisputed facts are as follows. CT Page 166-D
In October 1984 the plaintiffs were involved in an automobile accident involving a tractor trailer operated by Sammy Thompson ["Thompson"] and owned by Dogwood Transportation, Inc. ["Dogwood"] The plaintiffs instituted a suit against Thompson and Dogwood and in 1992, received default judgments against Thompson and Dogwood. These negligent parties were insured by Integrity Insurance Company, ["Integrity"] a New Jersey Corporation. Integrity became insolvent in March 1987. After obtaining the default judgments, plaintiffs pursued their remedies against the New Jersey Property and Liability Insurance Guarantee Association ["Guaranty Association"]. The Guarantee Association was established under New Jersey law to provide indemnification up to certain specified sums when a New Jersey liability carrier becomes insolvent. For reasons not explained by the parties, plaintiffs have been unable to enforce the default judgments against the Guarantee Association and they have not received full satisfaction of the judgments.
DISCUSSION
Plaintiffs' action against Hartford Accident is barred by the six year statute of limitations, General Statute §§ 52-576. The statute of limitations begins to run when the plaintiffs first could have maintained the action. Wynn v. MetropolitanCT Page 166-EProperty Casualty Ins. Company, 30 Conn. App. 803, 623 A.2d 66
(1993), aff'd 228 Conn. 436, 635 A.2d 814 (1994). Under the terms of plaintiffs' uninsured motorist policy, Hartford Accident becomes obligated to pay uninsured motorist benefits to the plaintiffs when the tortfeasor's insurer becomes "insolvent". Thus, the statute of limitations began to run when plaintiffs could have asserted a claim against Hartford Accident for uninsured motorist benefits, and such a claim could have been made in March 1987 when Integrity became insolvent.
The plaintiffs oppose Hartford Accident's statute of limitations argument by relying on the policy provision which makes the defendant liable for uninsured motorist damages "only after the limits of liability under any applicable body insurance liability bonds or policies have been exhausted by payment of judgments or settlements." The plaintiffs argue that since the Guaranty Association operated to stand in the shoes of Integrity and to provide liability coverage, no claim could be filed against Hartford Accident until after plaintiffs pursued their claim against the Guaranty Association and satisfied this "exhaustion" provision. For the following reasons, this reasoning is rejected. The court concludes that the "exhaustion" requirement is inapplicable to an insurer's liability for uninsured motorist benefits when the tortfeasor's insurance company denies coverage or becomes insolvent. CT Page 166-F
Under the plaintiffs' uninsured motorist policy, Hartford Accident is obligated to pay uninsured motorist benefits when the tortfeasor's insurance company "denies coverage or becomes insolvent." When such an insurer either denies coverage or becomes insolvent, it obviously follows that this insurer also will not make payment as contemplated under this "exhaustion" provision. To require exhaustion in the face of coverage denial or company insolvency would in effect preclude uninsured motorist liability when these events occur, contrary to the policy language. Consequently, the only rational construction of these provisions is that the "exhaustion" requirement does not apply when the uninsured motorist claim is based on company insolvency or coverage denial.
The presence of the Guaranty Association does not change this result because its existence does not change the fact of Integrity's insolvency which triggers uninsured motorist liability under the Hartford Accident policy. Under the terms of this policy, the uninsured motorist carrier cannot require its insured to pursue a claim against an insolvent, even if the insolvent has funds of its own or funds from a Guaranty Association to pay some percentage of the claims against it.
. . . .[I]t is wholly improper for the [uninsured CT Page 166-G motorist] carrier to abdicate its contractual obligation and compel its assured to spend the time, energy or money to prosecute a claim through the bureaucratic processes of two insurance guaranty associations of New Jersey and Pennsylvania in order to obtain redress. The assureds have no obligation to do so. They paid the premium to [the uninsured motorist carrier] for first party UM coverage. They are entitled to that coverage without regard to the potential success or failure of recovery against either Association. . . . We perceive of no reason in law or justice why these assureds should be relegated to a claim against the Association with a lesser recovery potential and be deprived of the fruits of the insurance. The only result would be an undeserved windfall for this carrier because of the fortuitous circumstance that the Legislature has created an Association to protect persons who may have claims against insolvent carriers.
State Farm Mutual Automobile Liability Ins. Co. v. Kiser,168 N.J. Super. 230, 236-237, 402 A.2d 952 cert. denied 81 N.J. 348,407 A.2d 1221 (1979).
Therefore, for all foregoing reasons, the plaintiffs' motion CT Page 166-H to compel arbitration is hereby denied and this action is dismissed.
Dated this 28th day of January, 1997.
STEVENS, JUDGE